### CHASE v. LATHROPE et al.

(District Court, E. D. New York. May 23, 1918.)

COURTS ⟨Key⟩318—JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP.

In an action in a federal court on a promissory note against two defendants, both of whom have appeared and raised the question of jurisdiction, plaintiff cannot vest the court with jurisdiction by a dismissal as to one, who is a citizen of the same state as himself.

At Law. Action by Samuel C. Chase against Maxwell D. Lathrope and Henry R. Lathrope. Dismissed for want of jurisdiction.

Joseph D. Baucus and George H. Rice, both of New York City, for plaintiff.

Franklin Leonard, Jr., of New York City, for defendants.

⟨Key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

GARVIN, District Judge. This is a motion by plaintiff for judgment on the pleadings upon the ground that the answer interposed is fictitious. The action is on a promissory note. The plaintiff is a citizen of the United States, residing in the state of Pennsylvania. Both defendants are citizens of the United States; Maxwell D. Lathrope residing in the state of Pennsylvania, and Henry R. Lathrope residing in the state of New York. Both defendants have joined in an answer setting up, first, that the court has no jurisdiction of the subject of the action; second, that the court has no jurisdiction of the persons of the defendants.

The plaintiff submits a memorandum, in which he states that the defendant Maxwell D. Lathrope was not served with process, and that the plaintiff desires to discontinue as against him, if he is now before the court. The service of an answer by both defendants brings all of the parties into court, and the plaintiff may not, by asking leave to discontinue, at this time, deprive the defendants of the right to raise the question of jurisdiction.

This is an action on a promissory note. The plaintiff and one of the defendants are citizens of the United States and residents of the same state. This is an action where the jurisdiction of the court depends upon diversity of citizenship. There being more than one defendant, all must be liable to be sued, and the court has no jurisdiction when one defendant and the plaintiff are citizens of the same state. Mirabile Corp. v. Purvis (C. C.) 143 Fed. 920; Columbia Digger Co. v. Rector (D. C.) 215 Fed. 618.

There are numerous other authorities to this effect. The action must be dismissed.