WILLIAM DAVID WILES AND WIFE, GLENDA LEE WILES v. WELPARNEL CONSTRUCTION COMPANY, INC.

No. 7623SC1002

(Filed 21 September 1977)

1. Process § 12— summons directed to agent of corporation

    A summons directed to "Mr. T. T. Nelson, Registered Agent, Welparnel Construction Company, Inc." did not give the court jurisdiction over the Welparnel Construction Company since a summons directed to an agent for a defendant does not constitute valid service of process on the defendant.

---

**Wiles v. Construction Co.**

---

**2. Appearance § 1.1; Process § 2; Rules of Civil Procedure § 12— service of process —waiver—extension of time to answer**

Defendant did not waive its defense of insufficiency of service of process and lack of personal jurisdiction by obtaining extensions of time in which to plead. G.S. 1-75.7; G.S. 1A-1, Rule 12(b).

**3. Appearance § 1.1; Process § 2— service of process—waiver—taking deposition**

Defendant did not waive the defense of insufficiency of service of process by taking plaintiff's deposition after answer was filed raising the jurisdictional defense.

ON *certiorari* to review the order of *Seay, Judge*. Order entered 9 November 1976 in Superior Court, YADKIN County. Heard in the Court of Appeals 31 August 1977.

*Ray and Andrews, by R. Lewis Ray, for plaintiff appellees.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter, for defendant appellant.*

VAUGHN, Judge.

[1]   The summons in this case was directed to:

"Mr. T. T. Nelson, Registered Agent
Welparnel Construction Company, Inc.
211 N. Bridge St.
Jonesville, N. C."

Attorneys for Welparnel Construction Company, Inc., twice obtained stipulations extending the time to answer. The answer when filed raised the defense that the plaintiffs had failed by their summons to obtain valid in personam jurisdiction over the corporate defendant. After the answer was filed, but before the court had ruled upon the validity of the summons, attorneys for the Welparnel Construction Company proceeded to take plaintiff's deposition. The corporate defendant's motion for summary judgment on the grounds that the summons was invalid and that the court had not acquired jurisdiction over the corporate defendant was denied. We allowed its petition for certiorari to review the order.

We hold that the summons was insufficient to give the court jurisdiction over the corporate defendant. One of the essential requirements of a summons as set out in G.S. 1A-1, Rule 4(b) is that it shall be directed to the defendant. The appellate courts of this State have consistently held that a summons directed to the agent for a defendant does not constitute valid service on the defendant. A summons to "Brian McDermott, agent for Thorp Commercial Cor-

poration," did not give the court jurisdiction over Thorp. *Ready Mix Concrete v. Sales Corp.*, 30 N.C. App. 526, 227 S.E. 2d 301 (1976). A summons to "Clayton Eddinger . . . local agent for Bea Staple Manufacturing Company, Incorporated defendant(s) above named" did not give the court jurisdiction over the corporation. *Russell v. Manufacturing Co.*, 266 N.C. 531, 146 S.E. 2d 459 (1966).

Plaintiffs argue that these cases are distinguishable since the summons does not identify Mr. Nelson as the "agent for" Welparnel Construction Company. They further argue that it is apparent that T. T. Nelson is obviously not a defendant because he is not named in the case's caption. We do not believe the distinction can be made. The words "Registered Agent" have no meaning or function except that of designating the person to whom the summons is directed as being the registered agent of the corporate entity thereafter named.

[2]  Plaintiffs also contend that Welparnel Construction Company has voluntarily submitted to the court's jurisdiction and waived its jurisdictional defense. The argument is without merit. G.S. 1-75.7 provides that a court may exercise jurisdiction over a person who makes a general appearance in an action. The statute further provides, however, "that obtaining an extension of time within which to answer or otherwise plead shall not be considered a general appearance." Rule 12(b) of the North Carolina Rules of Civil Procedure expressly provides that "obtaining an extension of time within which to answer or otherwise plead shall not constitute a waiver of any defense herein set forth." The defense of lack of personal jurisdiction and insufficiency of process are set out in the rule.

[3]  We further hold that by taking plaintiff's deposition on 14 May 1976 (after answer was filed raising the jurisdictional defense), the corporate defendant did not waive the defense of insufficiency of service of process. This decision is in accord with decisions of a majority of the courts that have considered the effect of taking depositions upon the defense of lack of personal jurisdiction. *See* e.g., *Neifeld v. Steinberg*, 438 F. 2d 423 (3rd Cir. 1971) and *Kerr v. Compagnie de Ultramar*, 250 F. 2d 860 (2nd Cir. 1958). *See also* 2A Moore's Federal Practice, ¶ 12.12, at 2327.

For the reasons stated, the order denying defendant's motion to dismiss is reversed.

Reversed.

Judges HEDRICK and CLARK concur.