JAMES THOMAS SMITH, SR. AND ATLAS RAILROAD CONSTRUCTION COMPANY, A NORTH CAROLINA CORPORATION v. PACIFIC INTERMOUNTAIN EXPRESS COMPANY, A NEVADA CORPORATION

No. 7728SC85

(Filed 21 December 1977)

1. **Appearance § 1.1; Rules of Civil Procedure § 12— jurisdictional defense—subsequent trial preparation—defense not waived**

    Where defendant promptly asserted lack of jurisdiction of the trial court by motion filed in the cause and served on plaintiffs, defendant did not thereafter waive the defense of lack of jurisdiction and make a general appearance where, before a hearing on the motion to dismiss, defendant filed an answer, counterclaimed for damages, filed interrogatories, filed a motion to amend the answer, and filed a motion to compel plaintiffs to verify answers to interrogatories.

2. **Rules of Civil Procedure § 12— jurisdictional defense—assertion as first step—subsequent trial preparation—defense not waived**

    If a defendant promptly asserts his jurisdictional defense as his *first* step in the lawsuit, he has performed his duty in alerting the court and the other parties, and he may then proceed with prudent preparation for trial without losing his defense.

3. **Appearance § 1.1; Rules of Civil Procedure § 12— jurisdictional defense— waiver by general appearance—general appearance defined**

    The term "general appearance" as used in G.S. 1-75.7 should be held to refer generally to appearances made either before the filing of jurisdictional motions under Rule 12(b) before pleading or, if no such motions are filed, the appearances made before the defense is raised in responsive pleadings.

APPEAL by defendant from *Lewis, Judge.* Order entered 3 December 1976 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 15 November 1977.

Plaintiffs filed suit against the corporate defendant and the administratrix of its deceased employee on 17 June 1976 asking for over $105,000 in damages for injuries allegedly arising out of the collision of two tractor trailer trucks near Waynesville, N.C., on 20 August 1973. Plaintiffs later took a voluntary dismissal in the action against the estate of the deceased employee and that action is not relevant to this appeal. Plaintiffs attempted to obtain service of process on the corporate defendant by summonses issued as follows:

> G. A. Sywassink
> Vice President in Charge of Operations
> PACIFIC INTERMOUNTAIN EXPRESS, INC.
> 1417 Clay Street
> Oakland, California 94600

and to:

> ROBERT ROSS
> Terminal Manager
> P. 1 E
> 525 Johnson Road
> Charlotte, North Carolina 28206.

On 19 July 1976, defendant, under the provisions of Rule 12(b), filed a motion to dismiss the action for insufficiency of process, and, in the alternative, moved for a change of venue. Plaintiffs' counsel was served with a copy.

On 10 August 1976, defendant filed answer wherein, after affirmatively stating that it was not waiving the motions previously filed, it denied the material allegations of the complaint and asserted a counterclaim for damages it sustained in the same accident on which plaintiffs' suit was based. An amendment, immaterial to the appeal, was filed to the answer on 6 October 1976. On 13 August 1976, defendant directed interrogatories to plaintiffs. Plaintiffs responded with unverified answers, and on 3 November 1976, defendant moved that plaintiffs be required to answer them under oath.

Defendant's motion to dismiss came on for hearing during the week of 22 November 1976. The file did not contain the original summonses, but these were subsequently supplied by counsel for plaintiffs. During the course of the hearing, counsel for plaintiffs advised the court they were going to take a voluntary dismissal of the action. Subsequently, they changed their position and asked to be heard again on the motion. On 3 December 1976, the court entered an order wherein it concluded that defendant had not been served with proper process and denied plaintiffs' motion to amend the summonses. The court further found, however, that the defense of lack of jurisdiction was no longer available to defendant because it had utilized the facilities of the court in manners inconsistent with the defense of lack of jurisdiction by the "filing of an answer containing a counterclaim, by consenting to a Notice of Dismissal, by filing interrogatories, by filing a motion to amend the Answer, and by filing a motion to compel the plaintiffs to verify the answers to interrogatories." The court further concluded that defendant's actions constituted a general appearance and denied the motion to dismiss.

*John A. Powell, for plaintiff appellees.*

*Morris, Golding, Blue & Phillips, by James N. Golding, for defendant appellant.*

VAUGHN, Judge.

The court correctly concluded that the summonses were insufficient to make Pacific Intermountain Express Company a party to the lawsuit. *Russell v. Manufacturing Co.*, 266 N.C. 531, 146 S.E. 2d 459 (1966); *Wiles v. Construction Co.*, 34 N.C. App. 157, 237 S.E. 2d 297 (1977).

[1] The question presented is whether defendant may now avail itself of the defense of lack of jurisdiction. Rule 12 (b) of the Rules of Civil Procedure gave defendant two options. It could have waited and raised the defense of lack of jurisdiction in its answer. It did not do so. Instead, it promptly exercised its right to assert the defense by motion filed in the cause and served on plaintiffs. The filing of the motion to dismiss was its first activity in the lawsuit. Plaintiffs, therefore, having been advised of the defense within about one month of the time they started the suit, were at liberty to take appropriate steps to obtain proper service. They

elected not to do so. Thereafter, and before hearing on the motion to dismiss, defendant proceeded to take what it deemed appropriate steps to protect itself in the event its motion to dismiss should be denied. It filed answer and what appears to have been a compulsory counterclaim. It also filed interrogatories to aid in the defense of the case in the event the courts should eventually rule that it had been properly served with process.

Except for the provisions of G.S. 1-75.7, there would seem to be little doubt that defendant properly preserved its right to assert the defense of lack of jurisdiction by asserting it in a timely motion to dismiss as its first act of recognition of the lawsuit. G.S. 1-75.7 provides, however, that when a person "makes a general appearance" in a court otherwise having jurisdiction, the court acquires jurisdiction over him without any service of summons. The cases from this jurisdiction that have discussed the interaction of that section and Rule 12 have generally involved activities of a defendant wherein he utilized the power of the court or became an "actor" in the proceeding *before* timely raising the defense of lack of jurisdiction by motion or answer. *See Simms v. Stores, Inc.*, 285 N.C. 145, 203 S.E. 2d 769 (1974). An exception is *Wiles v. Construction Co., supra.* In that case we held that

"by taking plaintiff's deposition on 14 May 1976 (after answer was filed raising the jurisdictional defense), the corporate defendant did not waive the defense of insufficiency of service of process. This decision is in accord with decisions of a majority of the courts that have considered the effect of taking depositions upon the defense of lack of personal jurisdiction. *See e.g., Neifeld v. Steinberg*, 438 F. 2d 423 (3rd Cir. 1971) and *Kerr v. Compagnie de Ultramar*, 250 F. 2d 860 (2nd Cir. 1958). *See also* 2A Moore's Federal Practice, ¶ 12.12, at 2327."

(We note that by order entered 6 December 1977, the Supreme Court of North Carolina has allowed a motion for discretionary review of our decision in *Wiles*.)

In determining that defendant must abandon its defense of lack of jurisdiction, the trial judge relied on *Simms v. Stores, Inc., supra.* As we noted earlier, however, the Court in *Simms* addressed itself to activities of a potential defendant *before* timely

raising the defense of lack of jurisdiction. The Court carefully reviewed the history of the appropriate statutes, decisions of federal courts, and those of this State. It would serve no useful purpose to repeat that process here. It is sufficient to say that it is well established that a party may raise the defense of lack of personal jurisdiction within the time to answer or move under Rule 12(b) and still lose the defense, "[I]f the court considers a defendant's conduct sufficiently dilatory or inconsistent with the *later* assertion of one of those defenses such conduct will be declared a waiver." (Emphasis added.) *Simms v. Stores, Inc., supra,* at 155. The reasons behind the rule are well founded. A party should not be allowed to use the court's time on the merits of a controversy and then, at a later time, unveil a jurisdictional defense. Such conduct not only wastes the court's time but may unnecessarily mislead and prejudice an opponent who, through no fault of his own, remains ignorant of the defense.

As the Court in *Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.,* 376 F. 2d 543 (3rd Cir. 1967) points out, however, there are other policies that must be considered. *Wyrough* involved a defendant participating in a suit and *thereafter* imposing a Rule 12(b) defense within the time permitted by the rules. Even so, the Court pointed out that a defendant should not be forced into a procedural straight jacket by forcing him to possibly forego valid defenses by hurried and premature pleading. The Court concluded that the reconciliation of these countervailing policies must be decided on a case by case basis. The Court held that defendant should have alerted the court to possible jurisdictional defenses *before* it assumed such an active role in the lawsuit.

[2] It seems to us that if, as here, a defendant promptly asserts his jurisdictional defense as his *first* step in the lawsuit, he has performed his duty in alerting the court and the other parties. His opponent can then attempt to correct the jurisdictional difficulty or assume the consequences of his failure to do so. He is not misled and cannot thereafter be unfairly prejudiced by allowing defendant to proceed with prudent preparation for trial. The judicial process is thereby expedited instead of being delayed.

[3] To hold otherwise, it seems, is to require a defendant either to abandon a valid jurisdictional defense he has appropriately raised or to ignore the lawsuit and thereby forfeit the use of

many legitimate tools of defense, including discovery for the preparation of responsive pleadings and trial as well as the preservation of testimony. The term "general appearance" as used in G.S. 1-75.7 should be held to refer generally to appearances made either before the filing of jurisdictional motions under Rule 12(b) before pleading or, if no such motions are filed, the appearances made before the defense is raised in responsive pleadings. Such an interpretation is consistent with the practice of allowing a defendant, after he has properly raised a personal jurisdiction defense, to participate in a trial on the merits without waiving the jurisdictional defense. *See e.g., Mullen v. Canal Co.*, 114 N.C. 8, 19 S.E. 106 (1894). That policy was continued with the enactment of G.S. 1-277(b), (enacted in Chapter 954 of the Session Laws of 1967 along with the new Rules of Civil Procedure.) That section provides, in pertinent part, that any party has the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person of the defendant "or such party may preserve his exception for determination upon any subsequent appeal in the cause."

It is thus anticipated that a defendant may participate in a full trial on the merits after an erroneous ruling against him on his jurisdictional motion, and that after his appeal to the appellate division, he can still have the action dismissed for the court's lack of personal jurisdiction, notwithstanding that he "voluntarily appeared" and made a "general appearance" on the merits of the case in both the trial and appellate divisions of the court. If utilization of the court to that extent pending a *final* decision on his jurisdictional motion is not a "general appearance" so as to give the court jurisdiction, surely this defendant has not made such an appearance by his utilization of the court by making reasonable preparations for trial on the merits pending *initial* determination of his jurisdictional motion.

As indicated, we conclude that the court erred when it failed to allow defendant's motion to dismiss for lack of jurisdiction. The judgment is, consequently, reversed.

Reversed.

Judges BRITT and PARKER concur.