JAMES THOMAS SMITH, SR., AND ATLAS RAILROAD CONSTRUCTION COM-
PANY, A NORTH CAROLINA CORPORATION v. PACIFIC INTERMOUNTAIN EX-
PRESS COMPANY, A NEVADA CORPORATION

No. 7728SC85

(Filed 19 December 1978)

**Process § 12; Rules of Civil Procedure § 4— summons directed to corporate officer
—sufficiency of service on corporation**

    A summons was not fatally defective because it was directed to an officer of the corporate defendant rather than to the corporation itself where the caption of the summons and the complaint clearly showed that the corporation and not the officer was being sued.

APPEAL by defendant from *Lewis, Judge.* Order entered 2 December 1976 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 28 November 1978.

On 17 June 1976, plaintiffs instituted this action against the Pacific Intermountain Express Company and James Lee Taylor, Administrator of a deceased employee of the corporation, for damages arising in a truck accident. The plaintiffs attempted to obtain service of process on the corporate defendant by two summonses addressed as follows:

G. A. Sywassink
Vice President in Charge of Operations
PACIFIC INTERMOUNTAIN EXPRESS, INC.
1417 Clay Street
Oakland, California 94600

and to:

ROBERT ROSS
Terminal Manager
P. 1 E
525 Johnson Road
Charlotte, North Carolina 28206.

On 19 July 1976, both defendants filed a Motion to Dismiss the action on grounds of insufficiency of process. Thereafter, plaintiffs voluntarily dismissed their cause of action against the defendant Taylor.

On 10 August 1976, defendant Express Company answered the complaint and counterclaimed for damages, and on 13 August 1976, the defendant directed interrogatories to the plaintiffs.

At hearing on the defendant Express Company's Motion to Dismiss, the court held that no valid summons had been issued for the defendant, but that the defendant had waived objection to lack of jurisdiction by making a general appearance.

From this order, the defendant appealed. This Court held, in an opinion by Judge Vaughn, that the defendant had not waived his right to contest the trial court's assertion of jurisdiction by filing an answer and counterclaim. *Smith v. Express Co.*, 34 N.C. App. 694, 239 S.E. 2d 614 (1977).

Plaintiffs thereafter filed a Petition for Discretionary Review by the North Carolina Supreme Court. Pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure, the North Carolina Supreme Court allowed the Plaintiffs' Petition and remanded the case to this Court for further consideration in light of *Wiles v. Construction Co.*, 295 N.C. 81, 243 S.E. 2d 756 (1978). *Smith v. Express Co.*, 295 N.C. 92, 244 S.E. 2d 260 (1978).

*Morris, Golding, Blue & Phillips by James N. Golding for defendant appellant.*

*John A. Powell for plaintiff appellees.*

CLARK, Judge.

In *Wiles, supra*, the North Carolina Supreme Court held that a summons directed to an officer of a corporation is not defective

if the caption of the summons and the complaint clearly indicate that the corporation and not the registered agent of the corporation was the intended defendant. *See, e.g., Wearring v. Belk Brothers, Inc.*, 38 N.C. App. 375, 248 S.E. 2d 90 (1978); *West v. Reddick, Inc.*, 38 N.C. App. 370, 248 S.E. 2d 112 (1978); *Public Relations, Inc. v. Enterprises, Inc.*, 36 N.C. App. 673, 245 S.E. 2d 782 (1978).

In the case *sub judice*, the defendant concedes, and we agree, that the summons addressed to G. A. Sywassink, Vice President in Charge of Operations, PACIFIC INTERMOUNTAIN EXPRESS, INC., 1417 Clay Street, Oakland, California 94600, coupled with the caption in the summons and the complaint sufficiently indicated that the corporation and not the corporate officer was the defendant. Therefore, under the rule set forth in *Wiles*, the service of process issued to the defendant, Pacific Intermountain Express Company, is valid.

We reaffirm the decision in *Smith v. Express Co.*, 34 N.C. App. 694, 239 S.E. 2d 614 (1977), on the issue of waiver of the defense of lack of jurisdiction.

The trial court's order as to the issue of improper service of process is

Reversed and remanded.

Judges MITCHELL and WEBB concur.