**SECRETARY OF LABOR, United States Department of Labor, Plaintiff,**

v.

**CROWN CENTRAL PETROLEUM CORPORATION, Defendant.**

**No. 80 C 802.**

United States District Court, E. D. New York.

April 21, 1981.

Jersey, and maintains a district office on Long Island. Defendant is charged under 29 U.S.C. § 215(a)(2) and (5) with willful and repeated violations of the Act's minimum wage provision, 29 U.S.C. § 206, and with violations of the Act's maximum hour and recordkeeping provisions, 29 U.S.C. §§ 207 and 211(c), all occurring since October 1, 1976. An injunction is sought restraining defendant from withholding wages properly due its employees and from further violations of the Act.

Before answer, defendant moved to compel the joinder of Mark/Man Services and Marcoin Inc., and their related or subsidiary companies, as defendants. Rules 19, 21, F.R.Civ.P. Defendant alleges these firms undertook responsibility to maintain and operate its payroll operations, and that they, not defendant, are the "employer," at least for the purpose of the Act's recordkeeping requirements.

Defendant's motion must be denied because it has not adequately demonstrated that Mark/Man or Marcoin is a "conditionally necessary party" to this litigation as required by Rule 19(a), F.R.Civ.P. See 3A Moore's Federal Practice, ¶ 19.02 at 19–40 (2d ed. 1980). The gist of defendant's argument seems to be that the obligations imposed by the Act are severable; that one person can be an "employer" for some purposes, e. g., paying wages, and another the "employer" for other purposes, e. g., recordkeeping; and that both must be joined in a lawsuit charging either with violations of responsibilities allegedly belonging to the other.

Defendant has offered no authority that supports this proposition. On the contrary, the language of the statute imposing the recordkeeping requirements clearly requires "[e]very employer subject to any provision of this chapter ... [to] make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him" as the Administrator shall prescribe. 29 U.S.C. § 211(c) (emphasis added). See *Brennan v. Valley Towing Co.*, 515 F.2d 100, 111 (9th Cir. 1975); *Marshall v. R & M Erectors, Inc.*, 429 F.Supp. 771, 775–76 & n.15 (D.Del.1977).

Carin Ann Clauss, Sol. of Labor, Washington, D. C., Francis V. LaRuffa, Regional Sol., by Percy S. Miller, U. S. Dept. of Labor, New York City, for plaintiff.

Gehrig, Ritter, Coffey, McHale & McBride by Craig R. Olsen, Melville, N. Y., for defendant.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

In this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201–218, the plaintiff Secretary of Labor has alleged that defendant Crown Central Petroleum Corporation is an "enterprise engaged in commerce or in the production of goods for commerce," and an "employer" of "employees" as those terms are defined in 29 U.S.C. § 203(b), (d), (i), (j), (r) and (s). Defendant allegedly operates more than twenty retail gasoline service stations in New York's Nassau and Suffolk counties and in New

The purposeful, close relationship between the minimum wage and maximum hour provisions and the recordkeeping requirements relating thereto hardly demands explanation. Furthermore, it is well-settled law that "it is the employer who has the duty under § 11(c) of the Act to keep proper records of wages, hours and other conditions and practices of employment," *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1945). See, *e. g., Wirtz v. Mississippi Publishers Corp.*, 364 F.2d 603, 607 (5th Cir. 1966) (Burger, J.).

Contrary to the fragmented interpretation of the Act and the term "employer" defendant has proposed, that term has been given an expansive reading in keeping with the remedial purposes of the statute. Indeed, in *Falk v. Brennan*, 414 U.S. 190, 195, 94 S.Ct. 427, 431, 38 L.Ed.2d 406 (1973), an FLSA action against a provider of maintenance services for buildings owned by others, the Supreme Court recognized that two persons can be considered an employee's employer simultaneously.

"[I]t is clear that the maintenance workers are employees of the building owners. But we think that the Court of Appeals was unquestionably correct in holding that [the maintenance service] is also an 'employer' of the maintenance workers under § 3(d) of the Act, which defines 'employer' as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.' 29 U.S.C. § 203(d). Section 3(e) defines 'employee' to include 'any individual employed by an employer.' 29 U.S.C. § 203(e). In view of the expansiveness of the Act's definition of 'employer' and the extent of [the maintenance service's] managerial responsibilities at each of the buildings, which gave it substantial control of the terms and conditions of the work of these employees, we hold that [the maintenance service] is, under the statutory definition, an 'employer' of the maintenance workers."

See *Hodgson v. Arnheim & Neely, Inc.*, 444 F.2d 609, 611–12 (3d Cir. 1971), *rev'd on other grounds*, 410 U.S. 512, 93 S.Ct. 1138, 35 L.Ed.2d 463 (1973). Implicit in the Court's holding in *Falk* is the requirement that both employers maintain the records required under § 211(c). Similarly, both the local branch office manager and the corporate principal were held criminally liable as "employers" for failing to comply with the Act's recordkeeping provisions in *Hertz Drivurself Stations, Inc. v. United States*, 150 F.2d 923, 929 & n.3 (8th Cir. 1945). See *Brennan v. Sinor*, 391 F.Supp. 681, 684–85 (N.D.Okla.1974).

Because the liability for failing to comply with the Act's requirements rests upon each employer subject to the Act, the delegation of responsibility to Mark/Man or Marcoin cannot convert them into "conditionally necessary parties." This lawsuit concerns defendant Crown Central's responsibilities as an employer allegedly subject to the Act. In the absence of Mark/Man and Marcoin complete relief undoubtedly can be afforded defendant and plaintiff, see Rule 19(a)(1), in relation to the basic question whether defendant is an "employer" subject to the Act's requirements. If defendant is an employer subject to the Act and it has not complied, it may be found liable. If defendant is not an employer it will be found not liable. The delegation to Mark/Man and Marcoin is not relevant to the issue of whether defendant is an employer. Of course, it may be that those firms are "joint employers" with defendant of some of the employees on whose behalf this suit is brought, making defendant responsible for complying with the Act only to the extent it actually employs the employees, see, *e. g., United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 492 (2d Cir. 1960). But that possibility presents only a fact issue concerning the scope of defendant's relationship to such joint employees as their employer. Any such determination can be made without bringing Mark/Man or Marcoin into the suit as defendants and without jeopardizing their opportunity to litigate their coverage under the Act if plaintiff brings a second suit. See Rule 19(a)(2)(i).

Finally, defendant suggests that joinder is proper under Rule 19(a)(2)(ii) because it has an interest in avoiding "sole responsibility" for the recordkeeping liability it claims it shares with Mark/Man and Marcoin, and

which it asserts amounts to an "inconsistent obligation" within that provision. See *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110, 88 S.Ct. 733, 738, 19 L.Ed.2d 936 (1968). But even if Mark/Man and Marcoin could be deemed "employers" within the meaning of the Act, together with defendant (and defendant has offered nothing to suggest that they are), a duty to keep accurate records remained with defendant. The lack of adequate records would then have rendered defendant and Mark/Man and Marcoin severally liable as employers under the Act. Rule 19 does not require joinder of defendants subject to several liability. See *Kerr v. Compagnie de Ultramar*, 250 F.2d 860, 862–63 (2d Cir. 1958); 3A Moore's Federal Practice, *supra*, ¶ 19.11 at 19—233–35.[1]

Accordingly, defendant's motion to compel joinder of absent parties is denied.

So ordered.

---

1. To the extent that the liability is shared, there is no reason why defendant could not bring Mark/Man and Marcoin in as third-party defendants under Rule 14, rather than proceeding to compel their joinder under Rule 19. See 3A Moore's Federal Practice, *supra*, ¶ 19.07—1[2.—2] at 19–145 n.33.