**Julia ARNO, Plaintiff,**

v.

**COSTA LINE, INC., d/b/a Costa Cruise and Costa Armatori, S.P.I., Defendants.**

**No. 83 Civ. 5160.**

United States District Court, E.D. New York.

Aug. 7, 1984.

Michael D. Martocci, New York City, for defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Plaintiff originally brought this action to recover for personal injuries in the Supreme Court of the State of New York, Kings County. Defendants removed the action to this Court by petition dated November 23, 1983. Plaintiff now moves to remand this case to state court. For the reasons set forth below, plaintiff's motion is denied, and Costa Line is dismissed as a defendant in this action pursuant to Rule 21 of the Federal Rules of Civil Procedure.

*Background*

Plaintiff, a New York resident, seeks to recover for personal injuries allegedly sustained in May 1983 when she was a passenger aboard the ship "Carla C." She alleges that her injuries were caused "due to the negligence of the defendants, their servants, agents, and/or employees in the ownership, operation and control of their ship and its facilities." In her complaint, plaintiff alleges that defendant Costa Line owned the Carla C., and that its employees operated the ship at the time of plaintiff's injury. Defendant Costa Armatori's ("Armatori") liability is predicated upon the allegation that it is the parent of Costa Line. Costa Line is incorporated in New York and has a principal place of business in Florida. Armatori is an Italian corporation and has its principal place of business in that country.

This action was originally filed in state court pursuant to the "savings to suitors" clause set forth in 28 U.S.C. § 1333(1), which provides:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other [common law] remedies to which they are otherwise entitled.

Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441 based on

Zemek & Puskuldjian, Staten Island, N.Y., for plaintiff.

§ 1333 and 28 U.S.C. § 1332, the diversity statute.[1] Section 1441 provides in relevant part:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

(emphasis added).

Plaintiff has moved to remand this action, alleging that Costa Line's status as a New York corporation precludes removal based on diversity jurisdiction.[2] Defendants, however, assert that removal here is proper because Armatori was the sole owner and operator of the Carla C. at the time of plaintiff's alleged injury and at present, and that Costa Line, the defendant whose presence would destroy diversity, is not a proper party within the meaning of § 1441(b). Thus, argue defendants, plaintiff's joinder of Costa Line was "fraudulent" and as such, its joinder should not defeat Armatori's right of removal.

The facts supporting defendants' allegation that Costa Line is an improper party to this action are set forth in an affidavit of Ubaldo Schibuola, Vice President of Passenger Traffic for Costa Line. Therein defendants claim that Costa Line's "basic function" is to act as a ticketing agent for passage on vessels owned by Armatori, and that Costa Line has no other connection with the Carla C.

In fact, defendants urge that the Carla C. is owned and operated solely by Armatori. Defendants have submitted a photocopy of the cover slip of the group boarding pass issued to plaintiff for her trip on the Carla C., on which the name Costa Cruises is imprinted. Defendants have also submitted a full copy of an actual blank boarding pass alleged to be identical to that issued to plaintiff. The "Terms and Conditions of contract of passage and baggage" included in the boarding pass state: "The words 'Company' and 'Carrier' mean 'Costa Armatori S.p.A.'"[3] Costa Line is

---

1. Although defendants' petition for removal did not specify that plaintiff's joinder of Costa Line as a defendant was improper, this became evident during the adjudication of this motion. *See infra* pp. 1578–1579.

2. An action brought in state court under the savings to suitors clause is not removable to federal court as a federal question; diversity of citizenship is required to effect removal properly. 14 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3674 at 298 (1976); *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959).

3. Plaintiff urges that the statement in her boarding pass regarding the identity of the carrier should be disregarded based on *Silvestri v. Italia Societa per Azioni di Navigazione,* 388 F.2d 11 (2d Cir.1968) and *Barbachym v. Costa Line, Inc.,* 713 F.2d 216 (6th Cir.1983). In *Silvestri,* the court held that the small print in a steamship passenger ticket, which purported to incorporate certain conditions and limitations of liability of the carrier which were printed on the cover of the ticket, did not adequately convey those conditions to the libellant. In *Barbachym,* which allegedly concerned the same boarding pass as held by the plaintiff herein, the court held that the pass had not "reasonably communicated" the critical terms of the contract to the passenger as required by *Silvestri.*

In both *Silvestri* and *Barbachym,* however, the courts were concerned with the communication of the terms of short statutes of limitations to the passengers. *See also Cada v. Costa Line, infra* (issue of fact existed as to whether limitation of carrier's liability was reasonably communicated to passenger). None of these cases are controlling here, however. In contrast to the clauses challenged in those cases, the clause in question here dealt not with limitations of time or liability, but with the identity of the carrier. I seriously doubt whether such a clause is a "critical term" within the meaning of *Barbachym,* because the clause does not in any way contain limitations of plaintiff's rights or defendants' liabilities under the passage contract, but states only the corporate identity of the carrier. *Compare* several of the cases citing *Silvestri: Shankles v. Costa Armatori, S.P.A.,* 722 F.2d 861 (1st Cir.1983) (reasonableness of notice of time limitations clause in issue); *Raskin v. Compania de Vapores Realma, S.P.,* 521 F.Supp. 337 (S.D.N.Y.1981) (same); *McQuillan v. "Italia" Societa Per Azione Di Navigazione,* 386 F.Supp. 462 (S.D.N.Y.1974), *aff'd mem.,* 516 F.2d 896 (2d Cir.1975) (same); *Ager v. D/S A/S Den Norske Afrika,* 336 F.Supp. 1187 (S.D.N.Y.1972) (same); *Lipton v. National Hellenic American Lines,* 294 F.Supp. 308 (E.D.N.Y.1968) (same). In addition, plaintiff's counsel relied upon information *other* than that in the passenger ticket when

not mentioned anywhere in the group boarding pass, although it is sued in this action as "Costa Line, Inc. d/b/a Costa Cruise."

In support of the instant motion, plaintiff has urged that Costa Line was joined as a defendant based upon reliance on case law that appeared to demonstrate that Costa Line owned and operated the Carla C. *See, e.g., Cada v. Costa Line,* 547 F.Supp. 85 (N.D.Ill.1982) (court referred to Costa Armatori as parent of Costa Line); *Taylor v. Costa Line, Inc.,* 441 F.Supp. 783 (E.D.Pa. 1977) (Costa Line referred to as the owner of the Carla C.). In addition, plaintiff allegedly assumed that Costa Line was a proper defendant because Costa Line's New York State certificate of incorporation indicated that Costa Line is authorized to own, operate and otherwise maintain ships. Plaintiff's counsel also stated at oral argument of this motion that the literature supplied in connection with plaintiff's cruise mentioned the name Costa Tours. When counsel looked up that name in the telephone directory in carrying out pre-suit research, the listing referred him to a Florida telephone number for Costa Cruises. Upon further investigation, counsel learned that Costa Cruises, sued here as Costa Line, was incorporated in New York. This action followed.

*Discussion*

■ As stated above, in the absence of a federal question, a state court action is removable only if *"none* of the parties in interest *properly* joined and served as defendants" is a citizen of the forum state, 28 U.S.C. § 1441(b) (emphasis added), and if there is complete diversity between all

plaintiffs and all defendants.[4] Therefore, it would first appear that due to the incorporation of Costa Line in New York, that defendant could not remove this case to this Court for two reasons: (1) Costa Line is a citizen of the state where the state action was brought; and (2) Costa Line's presence as a defendant would destroy diversity.

There is, however, an exception to the restrictions on removal jurisdiction described above. "The court also will not allow removal to be defeated by the collusive or improper joinder of parties .... A claim that joinder is fraudulently intended to defeat removal must be asserted with particularity, and supported by clear and convincing evidence." 14 Wright, Miller & Cooper, *supra,* § 3723 at 610–11, *citing, e.g., Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921). (removing party's showing that defendant was joined as a "sham or fraudulent device" must be supported by facts); *Chesapeake & Ohio R.R. v. Cockrell,* 232 U.S. 146, 152, 34 S.Ct. 278, 280, 58 L.Ed. 544 (1914) (removing party must "compel the conclusion that joinder is without right and in bad faith.)"

■ Joinder is also fraudulent if "the facts asserted by the plaintiff as the basis for the liability of the resident defendant could not possibly create such liability," *Parks v. New York Times Co.,* 308 F.2d 474, 477 (5th Cir.1962); *cert. denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964) *cited in Harris Diamond Co. v. Army Times Publishing Co.,* 280 F.Supp. 273, 275 (S.D.N.Y.1968). *See also Saxe, Bacon & Bolan, P.C. v. Martindale-Hub-*

preparing the complaint in this action. *See supra* pp. 1578–1579.

**4.** In removal cases, the burden is upon the party seeking to preserve removal to establish that removal has been proper. *See, e.g., R.G. Barry v. Mushroom Makers,* 612 F.2d 651 (2d Cir. 1979); *Jerro v. Home Lines, Inc.,* 377 F.Supp. 670 (S.D.N.Y.1974). However, as noted by the Supreme Court:

There are cases which uphold judgments in the district courts even though there was no right to removal. In those cases the federal trial court would have had original jurisdiction of the controversy had it been brought in

the federal court in the posture it had at the time of the actual trial of the cause or of the entry of the judgment. That is, if the litigation had been initiated in the federal court on the issues and between the parties that comprised the case at the time of trial or judgment, the federal court would have had cognizance of the case.

*American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 16–18, 71 S.Ct. 534, 541–542, 95 L.Ed. 702 (1951) (case nevertheless dismissed because at time of entry of judgment, district court lacked removal jurisdiction due to lack of diversity between the parties).

*bell, Inc.,* 521 F.Supp. 1046, 1048 & n. 2 (S.D.N.Y.1981). Furthermore, "there need be only a possibility that a right to relief exists to avoid [the conclusion that joinder was fraudulent], and plaintiff's ultimate failure to obtain a judgment is immaterial." 14 Wright, Miller & Cooper, *supra,* § 3723 at 617–18.

■ As stated above, the uncontroverted facts set forth in the Schibuola affidavit, as well as plaintiff's admissions in its moving papers and at oral argument of this motion, indicate that defendant Armatori is solely responsible for the ownership, maintenance and other aspects of operation of the Carla C. Defendants have urged that Costa Line is merely the ticketing agent for ships owned by Armatori, a disclosed principal. Plaintiff has not set forth any authority which would persuade this Court that Costa Line could be liable to plaintiff in its role as a ticketing agent for Armatori. In view of this fact, however, the issue remains as to what action this Court should take regarding the remand motion, *i.e.,* whether I should remand this case to state court, after which time Costa Line could be dismissed from this action and the case could again be removed to federal court,[5] or whether I may maintain federal jurisdiction by somehow dismissing Costa Line, the non-diverse defendant, from this action.

I find that Rule 21 of the Federal Rules of Civil Procedure is helpful in this regard. That Rule provides:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party *or on its own initiative* at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

(emphasis added). Although the Second Circuit has held that Rule 21 is not the appropriate vehicle for dealing with matters of defective federal jurisdiction, *Kerr v. Compagnie de Ultramar,* 250 F.2d 860, 863–4 (2d Cir.1958), I am persuaded that dismissal of this action as against Costa Line is proper based on the authority of *Covington v. Indemnity Insurance Co.,* 251 F.2d 930 (5th Cir.), *cert. denied,* 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed.2d 1365 (1958).[6]

In *Covington,* plaintiff, a resident of Texas, brought an action in state court to recover workmen's compensation against the insurance carrier, a diverse defendant, who then removed the case to federal court. The case was remanded to state court due to the insufficiency of the jurisdictional amount recited in the complaint. Thereafter, plaintiff amended his petition to name as a defendant his employer, Iley, a Texas resident. The insurance carrier again removed the action to federal court and moved to dismiss Iley from the action

**5.** As stated in 14 Wright, Miller & Cooper, *supra,* § 3739 at 765:

After remand, a second petition for removal on the ground that led to the initial removal may not be maintained. However, a second petition is permissible if subsequent pleadings or conduct by the parties or circumstances brings a case not previously removable within the removal jurisdiction of the federal courts. (citations omitted).

**6.** The facts in *Kerr* also differ substantially from those in the instant case. In *Kerr,* the action was originally brought in federal district court and therefore removal jurisdiction was not precisely at issue. Plaintiff, a New York resident, brought suit against Ultramar and the Transmar Corporation seeking to recover for personal injuries allegedly sustained due to the unseaworthiness of a winch on board a ship owned or chartered "by the defendants or either of them."

250 F.2d at 862. After it was discovered that Transmar was a non-diverse defendant, defendants moved to dismiss for lack of subject matter jurisdiction and plaintiff cross-moved to dismiss as to the non-diverse defendant pursuant to Rule 21. The trial court granted defendant's motion.

In reversing the trial court's dismissal of the action, the circuit court held that plaintiff's motion to drop Transmar should have been granted. However, the court held that plaintiff should have proceeded toward that end by moving to amend the complaint under Rule 15 and not by seeking to dismiss as against Transmar under Rule 21. In this action, however, plaintiff has not cross-moved or otherwise volunteered to dismiss Costa Line from this action. However, plaintiff has also essentially admitted at oral argument that its basis for joinder of Costa Line is untenable.

under Rule 21 for the reason that Iley should not have been joined as a defendant because Texas law prohibits a workmen's compensation action against an employer. The Rule 21 motion was granted and the district court maintained jurisdiction over the case. In upholding the trial court's entry of a final judgment at the conclusion of the action, the circuit court held that the trial court had properly dismissed the improperly joined non-diverse defendant and retained jurisdiction over the action.

█ It is true that the joinder of Iley in the *Covington* case was more obviously improper than the joinder of Costa Line in the instant action. However, the record here reveals that plaintiff did not adequately investigate the identity of the defendants in preparation of this action. As stated *supra* at 1581, joinder in a case such as this can also be considered fraudulent, in the absence of fraudulent intent, if the plaintiff cannot state a claim against the non-diverse defendant. I find that the joinder of Costa Line was improper here, and I therefore dismiss the complaint as against it *sua sponte,* as permitted by Rule 21. Federal jurisdiction over this matter is therefore preserved, and denial of the motion to remand is appropriate.

Should discovery reveal that defendant's position regarding Costa Line's control over the Carla C. is incorrect and that Costa Line is an indispensible party to this action under Rule 19, I would permit plaintiff to reinstate the complaint against Costa Line and would then remand this case to state court. Plaintiff's right to costs, of course, would be available under 28 U.S.C. § 1441(d).

*Conclusion*

For the reasons set forth above, plaintiff's motion to remand is denied and Costa Line is to be dismissed from this action pursuant to Rule 21. These rulings, however, are without prejudice to plaintiff's leave to amend her complaint should discovery reveal that Costa Line could be liable to plaintiff.

SO ORDERED.