757 F.2d 529
 1 Fed.R.Serv.3d 301
 Beth SAMAHA, Plaintiff-Appellant,
v.
The PRESBYTERIAN HOSPITAL IN the CITY OF NEW YORK, Robert E.
Carroll, "Edward" Craig (the Name Edward Being Fictitious),
"Michael" Kelly (the Name Michael Being Fictitious),
"Frederick" Craig, (the Name Frederick Being Fictitious),
Harold M. Dick, Hilda Pederson, Leonard Braus and Catherine
Riley, Defendants-Appellees.
 No. 673, Docket 84-7818.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 1, 1985.
Decided March 18, 1985.
 
 Joel Kreizman, Red Bank, N.J. (Evans, Koelzer, Osborne, Kreizman, Red Bank, N.J., Harold A. Schuman, Schuman & Butz, Toms River, N.J., Dempsey & Langan, Peekskill, N.Y., of counsel), for plaintiff-appellant.
 Dennis Breitner, New York City (Kanterman, Taub & Breitner, P.C., New York City, of counsel), for defendants-appellees The Presbyterian Hospital in the City of New York, Robert E. Carroll, Harold M. Dick, Michael Kelly, Michael Craig s/h/a "Frederick" Craig, Edward Craig, and Catherine Riley.
 Howard R. Cohen, New York City (Bower & Gardner, New York City, of counsel), for defendants-appellees Hilda Pederson and Leonard Brand s/h/a Leonard Braus.
 Before NEWMAN, KEARSE and PRATT, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Beth Samaha appeals from a judgment of the United States District Court for the Southern District of New York, Charles L. Brieant, Judge, dismissing her medical malpractice suit for lack of jurisdiction because of absence of diversity of citizenship, and from an order denying plaintiff's motion to amend her complaint to eliminate those defendants whose citizenship is not diverse from her own. We reverse and remand with a direction to permit amendment of the complaint.
 
 
 2
 Plaintiff brought her suit in May, 1984, seeking damages for personal injuries which allegedly resulted from surgery and care she received at The Presbyterian Hospital in the City of New York in January of 1982. Her complaint named as defendants The Presbyterian Hospital, seven physicians, and one nurse; she invoked diversity jurisdiction under 28 U.S.C. Sec. 1332(a). After answering the complaint, all nine defendants moved to dismiss because plaintiff and four of the individual defendants were citizens of the same state, New Jersey. Plaintiff cross-moved for leave to amend her complaint to preserve diversity jurisdiction by eliminating the four New Jersey defendants.
 
 
 3
 Finding that there was no real dispute over the non-diversity of citizenship, the district court granted defendants' motions to dismiss and denied plaintiff's motion to amend. The court's explanation for denying plaintiff's motion was brief:
 
 
 4
 To permit the case to proceed here against some but not all of those liable is likely to lead to unfairness, multiple litigation and inconsistent judgments. Plaintiff has an adequate state court forum in which she may obtain justice against all defendants in a single lawsuit. The remaining diverse defendants are likely to be prejudiced. * * * The motion to amend is manipulative in the extreme.
 
 
 5
 We reverse. Leave to amend a complaint under Fed.R.Civ.P. 15(a) after there has been a responsive pleading is within the discretion of the trial court, Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 331, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971), but in cases where leave is sought to eliminate a defendant in order to preserve diversity jurisdiction, "unless it appears that a non-diverse defendant cannot be dropped from an action without prejudice to the remaining defendants, the [Rule 15(a) ] motion should be granted and a failure to do so is an abuse of discretion." Kerr v. Compagnie de Ultramar, 250 F.2d 860, 864 (2d Cir.1958). The prejudice that matters is the same as that which determines whether a party is indispensable:
 
 
 6
 And the question always is or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether, to a decree authorized by the case presented, they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights can be made, the jurisdiction of the court should be retained and the suit dismissed as to them.
 
 
 7
 Horn v. Lockhart, 84 U.S. (17 Wall.) 570, 579, 21 L.Ed. 657 (1873). In the present case nothing justifies a conclusion that the nondiverse defendants were indispensable or that the remaining defendants would be prejudiced if the case proceeds without the nondiverse parties.
 
 
 8
 Defendants' arguments to the contrary are not persuasive. They claim that, if plaintiff's suit went forward in federal court without four of the original defendants, there would be a substantial likelihood of jury confusion, new litigation by the plaintiff against the nondiverse defendants, the possibility of inconsistent verdicts, and, if plaintiff were to prevail, new litigation among the defendants over rights of contribution. Their support for these claims, however, amounts to nothing more than the fact that the nondiverse defendants are alleged to be joint tortfeasors; their claimed prejudice is not greater than that involved whenever a plaintiff chooses to sue some, but not all, of those who might be found jointly and severally liable.
 
 
 9
 Defendants' arguments are therefore unavailing, since it is settled federal law that joint tortfeasors are not indispensable parties, Austin v. Unarco Industries, Inc., 705 F.2d 1, 5 (1st Cir.), cert. dismissed, --- U.S. ----, 104 S.Ct. 34, 77 L.Ed.2d 1454 (1983); 3A J. Moore & J. Lucas, Moore's Federal Practice p 19.07 (2d ed. 1984); 7 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1623 (1972), and that merely showing a party to be potentially jointly and severally liable is not enough to justify denying a motion to drop that party in order to preserve diversity jurisdiction. Kerr v. Compagnie de Ultramar, 250 F.2d at 863. Moreover, the possibility of prejudice of the kind asserted by the defendants is alleviated by the availability of impleader under Fed.R.Civ.P. 14(a) and intervention as of right under Fed.R.Civ.P. 24(a)(2). See Prescription Plan Service Corporation v. Franco, 552 F.2d 493, 497 n. 4 (2d Cir.1977). Finally, this court has recognized that when federal diversity jurisdiction will exist if nondiverse parties are dropped, the bare fact that a state court forum is available does not, by itself, make it appropriate to dismiss the federal action. Id. at 497.
 
 
 10
 We therefore reverse the judgment of the district court dismissing the complaint, and remand with a direction to the district court to grant plaintiff's motion to amend.