**Nasser JASER, Plaintiff-Appellant,**

v.

**NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION and Adriano Fernandes, Defendants-Appellees.**

**No. 845, Docket 86–9032.**

United States Court of Appeals, Second Circuit.

Submitted Feb. 26, 1987.

Decided March 31, 1987.

Ira M. Myers, New York City (Weg and Myers, New York City, of counsel), submitted brief, for plaintiff-appellant Nasser Jaser.

Charles T. Rubin, New York City (Greenhill and Rubin, New York City, of counsel), submitted brief, for defendant-appellee New York Property Ins. Underwriting Ass'n.

Warren L. Cohen, Tuckahoe, N.Y., for defendant-appellee Adriano Fernandes.

Before KAUFMAN and CARDAMONE, Circuit Judges and POLLACK, District Judge *.

---

* Hon. Milton Pollack, Senior Judge, United States District Court for the Southern District of New    York, sitting by designation.

CARDAMONE, Circuit Judge:

■■■ This appeal raises two issues. The first arises from the district court's dismissal of plaintiff's complaint for incomplete diversity. When plaintiff then moved for leave to amend his complaint to eliminate the nondiverse parties, the district court's denial of that motion resulted in the second issue. With respect to this latter issue, the federal rules instruct courts to determine whether an action may in "equity and good conscience" proceed without the nonjoined parties. Fed.R.Civ.P. 19(b). As an alternative to dismissal, a court should take a flexible approach when deciding what parties need to be present for a just resolution of the suit. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). The phrase "good conscience" implies a careful and constructive consideration of those parties that are necessary to the litigation. As a consequence, very few cases should be terminated due to the absence of nondiverse parties unless there has been a reasoned determination that their nonjoinder makes just resolution of the action impossible. Here the district court's denial of the motion to amend was done without any consideration of these constructive concepts.

## I

Nasser Jaser appeals from two orders of the United States District Court for the Southern District of New York (Duffy, J.) dated November 24, 1986. One granted defendant, New York Property Insurance Underwriting Association's (Association), its motion to dismiss plaintiff's complaint for lack of diversity of citizenship and the other denied Jaser's cross-motion for leave to amend his complaint to exclude the nondiverse parties. We affirm the former order and reverse the latter.

Plaintiff Jaser, a citizen of the State of Texas, owned real property in Yonkers, New York, that he claimed suffered an insured fire loss. He submitted a claim to defendant Association which denied liability. Plaintiff then brought the instant diversity action in the Southern District of New York based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Defendant Association is an unincorporated joint underwriting association created by Article 54 of the New York Insurance Law, N.Y. Ins.Law §§ 5401 *et seq.* (McKinney 1985 & Supp.1987), and which, by law, consists of all insurance companies authorized to issue fire and extended coverage insurance policies in the State of New York. The Association resides in New York, but at least one of its members is a Texas citizen. In light of these facts, the district court dismissed the action for lack of subject matter jurisdiction because diversity of citizenship was incomplete. The district court, as noted, also denied Jaser's motion for leave to amend his complaint to exclude nondiverse defendant members of the Association. Jaser has appealed both orders.

## II

■■■ The citizenship of an unincorporated association for diversity purposes has been determined for nearly 100 years by the citizenship of each and every member of that association. *Chapman v. Barney*, 129 U.S. 677, 682, 9 S.Ct. 426, 427, 32 L.Ed. 800 (1889); *Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 93 (4th Cir.1983); *Baer v. United Service Automobile Association*, 503 F.2d 393, 395 (2d Cir.1974); *see United Steelworkers of America, AFL–CIO v. R.H. Bouligny, Inc.*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965) (labor union, like other unincorporated associations, has its citizenship for diversity purposes determined by citizenship of its members). Under this rule, the citizenship of the parties to this suit is not diverse because Jaser is a Texan and one Association member, Vanguard Insurance Company, is a Texas corporation.

■■■ Plaintiff does not contest this rule. Instead, relying on *Mason v. American Express Co.*, 334 F.2d 392 (2d Cir.1964), he argues that the defendant should not be treated for diversity purposes as an unincorporated association, but rather as a corporation because it has similar characteristics and methods of operation. But, as we noted in *Baer:* "[T]he precedential value of

*Mason* was, at the least, seriously undermined by [the Supreme Court's decision in *Bouligny* ]." 503 F.2d at 396; *see also Bouligny,* 382 U.S. at 152 n. 10, 86 S.Ct. at 275 n. 10. In essence, plaintiff is presenting an argument already considered and rejected by this Court and the Supreme Court. *See Bouligny,* 382 U.S. at 152–53, 86 S.Ct. at 275–76; *Baer,* 503 F.2d at 394–96. We affirm therefore the district court's proper holding that the parties lacked diversity of citizenship.

### III

Such ruling does not end the matter. Even though the action was properly dismissed, the district court improperly denied plaintiff an opportunity to revive his complaint under Fed.R.Civ.P. 15(a). Rule 15(a) sets forth a policy in favor of granting leave to amend, stating that "leave shall be freely given when justice so requires." Applying this liberal policy, we have permitted a plaintiff to amend his complaint to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship. *E.g., Samaha v. Presbyterian Hospital in City of New York,* 757 F.2d 529, 531 (2d Cir.1985) (per curiam); *Prescription Plan Service Corp. v. Franco,* 552 F.2d 493, 498 (2d Cir.1977).

■ Plaintiff, of course, cannot amend his complaint to exclude indispensable parties. In deciding whether to grant Jaser leave to amend, the district court did not consider whether the nondiverse Association members are indispensable to the instant action, but without comment simply denied Jaser's cross-motion. This failure to consider whether the nondiverse parties are indispensable constitutes an abuse of discretion. *Samaha,* 757 F.2d at 531 (" '[U]nless it appears that a non-diverse defendant cannot be dropped from an action without prejudice to the remaining defendants, the [Rule 15(a) ] motion should be granted and a failure to do so is an abuse of discretion.' ") (quoting *Kerr v. Compagnie de Ultramar,* 250 F.2d 860, 864 (2d Cir.1958)).

■ The criteria for determining whether a party is indispensable are set forth in Fed.R.Civ.P. 19(b): (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties, (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided, (3) whether a judgment rendered in the person's absence will be adequate, and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Taking the first two factors, it is true that the nondiverse Association members doubtless would be prejudiced by a judgment taken against the Association in their absence because under Association rules they would still share proportionately in the loss. Yet, the district court need only provide in any final judgment that the total recovery is reduced by the amount attributable to the nondiverse (here Texas) members, and rule that they should bear none of the costs. Under this procedure—to which Jaser has agreed—the potential prejudice to the nondiverse parties may easily be avoided. Additionally, the liability of remaining members would not be affected one iota by this procedure since their share of the loss would not thereby be increased. As for the third factor, any judgment rendered in the nondiverse parties' absence will adequately compensate plaintiff because, as noted, Jaser has already agreed to accept a reduced recovery. Turning to the fourth factor, were we to affirm the district court and refuse to grant leave to Jaser to amend his complaint, he may be barred by the statute of limitations from bringing another action against the Association, leaving him without an adequate remedy as contemplated in Rule 19(b).

■ The Association responds that any amendment of plaintiff's complaint would nonetheless be futile because the applicable statute of limitations has already expired. The basis for this argument is that an amended complaint would not relate back to the filing of the first complaint pursuant to Fed.R.Civ.P. 15(c) because the individual members of the Association have not re-

ceived notice of plaintiff's suit. We disagree. Defendants have, in fact, received precisely the notice provided for by Fed.R. Civ.P. 4(d)(3). The Association is an entity that sues and is sued in its common name and, according to the affidavit of service in the record, the complaint was served upon its agent at the Association's New York City headquarters. This service constitutes service on all the individual members of the Association. Since there was sufficient notice to the members under Rule 4(d)(3) to support a judgment on the original complaint, an amended complaint relates back for statute of limitations purposes. *See* Fed.R.Civ.P. 15(c); *Villante v. Dep't of Corrections of the City of New York,* 786 F.2d 516, 520 (2d Cir.1986) (claim in the amended complaint arose out of the events attempted to be set forth in the original pleading) (citing Fed.R.Civ.P. 15(c)); *Siegel v. Converters Transp., Inc.,* 714 F.2d 213, 216 (2d Cir.1983) (per curiam) (purpose of Rule 15(c) is to ameliorate the effect of the statute of limitations); *cf. Tiller v. Atlantic Coast Line R.R.,* 323 U.S. 574, 581, 65 S.Ct. 421, 424, 89 L.Ed. 465 (1945) ("The cause of action now, as it was in the beginning is the same.... There is no reason to apply a statute of limitations when, as here, the respondent has had notice from the beginning that petitioner was trying to enforce a claim against it because of the events [alleged in the original complaint.]") (citation omitted). An amendment in this case is therefore not futile.

Applying the Rule 19(b) factors and considering defendant's arguments, we conclude that the nondiverse Association members are not indispensable to the current litigation. Therefore, we reverse the district court's denial of Jaser's cross-motion and remand the case to the district court for it to grant plaintiff leave to amend his complaint so that "in equity and good conscience" the action may proceed in the absence of the nondiverse defendant members. *See Prescription Plan,* 552 F.2d at 496–98; 7 C. Wright, A. Miller & M.K. Kane, *Federal Practice and Procedure* § 1610, at 144–48 (2d ed. 1986).

## IV

The order dismissing plaintiff's complaint for lack of complete diversity is affirmed. The order denying plaintiff leave to amend his complaint is reversed and the matter is remanded to the district court for further proceedings consistent with this opinion.