### Lillian LaFONTAINE

### v.

### WESTERN GALLERIA HOTEL.

### Civ. No. H–86–589 (PCD).

United States District Court, D. Connecticut.

April 11, 1988.

Jeffrey Krupnikoff, Larry Lewis, Solomon & Stanton, Meriden, Conn., for Lillian LaFontaine.

Jack G. Steigelfest, John R. FitzGerald and Richard J. Kenney, Howard, Kohn, Sprague & Fitzgerald, Hartford, Conn., for Otis Elevator.

John N. Montalbano, Dzialo, Pickett & Allen, Middletown, Conn., for Western Galleria Hotel.

## ORDER RE MOTION TO RECONSIDER

DORSEY, District Judge.

On February 3, 1988, defendant Otis Elevator Company's motion to dismiss was granted as diversity was not found to be established and the court was, therefore, without subject matter jurisdiction. Fed.R. Civ.P. 12(b)(1); 28 U.S.C. § 1332. Defendant Western Galleria Hotel's adopted motion to dismiss was denied, however, as Otis Elevator was found not to be an indispensable party and there was thus no basis for dismissing Western Galleria on Rule 12(b)(1) grounds. *See* Order Re Pending Motions at 1 (D.Conn. February 3, 1988), citing *Othman v. Globe Indemnity Co.,* 759 F.2d 1458, 1463 (9th Cir.1985); *Samaha v. The Presbyterian Hosp. in the City of New York,* 757 F.2d 529, 531 (2d Cir. 1985). Western Galleria has moved for reconsideration.

*Discussion*

When deciding whether simply to eliminate non-diverse parties to a suit rather than dismiss the entire proceeding, the court must determine "whether [the] action may in 'equity and good conscience' proceed without the nonjoined parties." *Jaser v. New York Property Ins. Underwriting Ass'n*, 815 F.2d 240, 242 (2d Cir.1987), quoting Fed.R.Civ.P. 19(b). Indispensable parties cannot be dropped merely to achieve complete diversity. The criteria for determining whether a party is indispensable are set forth in Fed.R.Civ.P. 19(b): (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties, (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided, (3) whether a judgment rendered in the person's absence will be adequate, and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Upon reconsideration, the court adheres to its original order denying Western Galleria's motion to dismiss. In relation to the first of the Rule 19(b) factors, defendant argues that it would be prejudiced if it were forced to proceed in this case as it might be held fully liable for plaintiff's injuries without contribution by Otis Elevator Co. It furthermore argues that impleading Otis Elevator under Fed.R.Civ.P. 14 would be of no benefit as it would not be able to meet the requirements of indemnification as set forth in *Kaplan v. Merberg Wrecking Corp.*, 152 Conn. 405, 207 A.2d 732 (1965).[1] What defendant fails to note, however, is that even if this suit were instituted in state court, plaintiff would be under no obligation to sue Otis Elevator and thus defendant would be left in the same predicament. In short, the prejudice that defendant claims it will suffer from is a prejudice imposed by the law, not plaintiff's choice of forums. As to the second factor, Rule 14 is the only way by which to lessen the prejudice caused by Connecticut's rule of no contribution among joint tortfeasors. Plaintiff's complaint is strictly premised on defendant's negligence in the use, operation, maintenance of the elevators, the design and manufacture of the product are not in question. Otis Elevator must, therefore, be viewed as a joint tortfeasor thus falling within the rule that "joint tortfeasors are not indispensable parties." *Samaha*, 757 F.2d at 531. Furthermore, inasmuch as plaintiff's complaint is exclusively directed to defendant's negligence—as opposed to Otis Elevator's defective manufacture—any recovery in this case will adequately address the particular nature of the complaint. Finally, as to the fourth factor, it is likely that a dismissal of this suit would leave plaintiff without a remedy inasmuch as the statute of limitations would have likely expired.

Accordingly, after reconsideration, the court adheres to its previous order of February 3, 1988.

In view of this order, the parties shall complete the Trial Preparation Order as follows:

Section A: April 29, 1988
Section B: May 13, 1988
Section D: May 27, 1988

SO ORDERED.

---

1. Defendant has not discussed Texas' rule of contribution among joint tortfeasors and its effect on this issue if that law were, in fact, applied to this case.