852 F.2d 565
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth HINES; Katherine M. Hines, Plaintiff-Appellant,
v.
Aurelio BENAVIDES, M.D.; Keith Recht, M.D., Defendants-Appellees.
 No. 87-2119.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 2, 1988.
Decided: July 13, 1988.
 
 Mark Westerfield (Barry J. Nace, Paulson, Nace & Norwind, on brief), for appellant.
 Curtis G. Power, III (Gray Silver, III, Avey & Steptoe, on brief), for appellees.
 Before K.K. HALL and WILKINSON, Circuit Judges, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiff Katherine Hines appeals the district court's order dismissing her medical malpractice suit for want of subject matter jurisdiction due to incomplete diversity between the parties. See 28 U.S.C. Sec. 1332. We agree with appellant that the district court erred in dismissing the action without first considering plaintiffs' motion to dismiss the sole claim of the nondiverse plaintiff.
 
 I.
 
 2
 On January 7, 1987, Katherine Hines and her husband, Kenneth Hines, brought a medical malpractice action against doctors Aurelio Benavides and Keith Recht in the United States District Court for the Northern District of West Virginia. Katherine Hines is a resident of Virginia and Kenneth Hines is a resident of West Virginia; the defendants are residents of West Virginia. In the first two counts of the three count complaint, Katherine Hines sought damages from the defendant doctors for their alleged negligence, medical malpractice, and failure to secure her informed consent in treating her for a kidney stone. In the third count, both Katherine and Kenneth Hines sought damages for loss of consortium and injury to their marital relationship. An identical suit was filed in the West Virginia Circuit Court of Berkeley County.
 
 
 3
 On February 13, 1987, after defendants responded to the complaint, plaintiffs voluntarily moved to dismiss the loss of consortium claim in Count III of their complaint. This was the only claim of the West Virginia plaintiff, Kenneth Hines. The court did not consider plaintiffs' motion. Instead, on May 6, 1987, the court dismissed the federal suit for want of subject matter jurisdiction due to incomplete diversity between the parties. Plaintiffs' motion for reconsideration of the order dismissing the suit was denied. Plaintiff Katherine Hines appeals.
 
 II.
 
 4
 A party may amend its pleadings, after a responsive pleading is served, only by leave of court; and "leave shall be freely given when justice so requires." F.R.Civ.P. 15(a). Although this is a matter committed to the sound discretion of the district court, the court should freely permit amendments necessary to establish jurisdiction which are not unfairly prejudicial to the opposing party. See Samah v. Presbyterian Hosp. in City of New York, 757 F.2d 529, 531 (2d Cir.1985); Local 179, United Textile Workers v. Federal Paper Stock Co., 461 F.2d 849, 851 (8th Cir.1972). In this case, the district court failed even to consider plaintiffs' motion to dismiss Count III of their complaint to establish diversity jurisdiction. The court erred in dismissing the case for want of jurisdiction without first considering plaintiffs' motion to cure the jurisdictional defect. The judgment of the district court is therefore reversed and the case remanded for consideration of plaintiffs' motion to dismiss Count III of their complaint.
 
 
 5
 REVERSED AND REMANDED.