Robert H. HAGGERTY, Robert C. Graham, and Kirk Parrish, Individually and On Behalf of All Other Persons Who Are Class I Limited Partners of Comstock Gold Company, L.P., Plaintiffs,

v.

COMSTOCK GOLD COMPANY, L.P., United Mining Corporation, Raynham Hall Contracting, Inc., Timothy Collins, Maurice Castagne, George Werk and Alice Werk, Defendants.

Howard T. BELLIN, M.D. and Robert M. Giller, M.D., Intervenor–Plaintiffs,

v.

COMSTOCK GOLD COMPANY, L.P., United Mining Corporation, Raynham Hall Contracting, Inc., Timothy Collins, Maurice Castagne, George Werk and Alice Werk, Defendants.

No. 84 Civ. 7671 (PKL).

United States District Court, S.D. New York.

Aug. 21, 1991.

Francis R. Jones, New York City, for plaintiffs Robert C. Graham, Kirk Parrish, Howard T. Bellin, M.D. and Robert M. Giller, M.D.

Robert H. Haggerty, pro se.

Bruce H. Beckmann, P.C., (Lynn Armentrout, Bruce H. Beckmann, of counsel), New York City, for defendants Comstock Gold Co., L.P., United Mining Corp., Raynham Hall Contracting, Inc., Timothy Collins and Maurice Castagne.

## ORDER AND OPINION

LEISURE, District Judge:

This is an action for violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b promulgated thereunder, as well as state law claims for fraud, rescission, and breach of contract and fiduciary duties. On May 29, 1991, 765 F.Supp. 111, this Court granted a motion for summary judgment made by defendants Comstock Gold Company, L.P., United Mining Corporation, Raynham Hall Contracting, Inc., Timothy Collins and Maurice Castagne (collectively "the Moving Defendants")[1] with respect to plaintiffs' federal securities fraud claim (the "May 29 Order"). Plaintiffs have now moved, pursuant to Local Civil Rule 3(j), for reargument of the May 29 Order. Plaintiffs have also moved, pursuant to Fed.R.Civ.P. 21, to dismiss defendant Comstock Gold Company L.P. ("Comstock") from this action in order to restore the Court's diversity jurisdiction over the remaining state law claims.

### Background[2]

In its May 29 Order, the Court granted the Moving Defendants' motion for summary judgment, dismissing plaintiffs' federal securities fraud claim. The Court then dismissed plaintiffs' remaining state law claims, pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), for lack of subject matter jurisdiction over those claims.

Plaintiffs have now moved for reargument of the Court's May 29 Order, arguing that the Court erred in dismissing the state law claims as "pendent" because the amended complaint alleges both federal question jurisdiction, under 28 U.S.C. § 1331, and diversity of citizenship jurisdiction, under 28 U.S.C. § 1332. In addition, and apparently in contradiction to the logic underlying their motion for reargument, plaintiffs concede that this Court does not have diversity jurisdiction over this action, and thus move, pursuant to Fed.R.Civ.P. 21, to dismiss Comstock from this action so as to restore such jurisdiction.

The Moving Defendants object to plaintiffs' motion to dismiss Comstock as a defendant in this action. The Moving Defendants argue that this motion is untimely, and that, in any event, Comstock is a necessary party that should not be dismissed from this action. In addition, the Moving Defendants argue that the findings of fact made by the Court in its May 29 Order apply with equal force to plaintiffs' state law fraud claim, and require dismissal of that claim. Finally, the Moving Defendants have cross-moved for sanctions, pursuant to Fed.R.Civ.P. 11, on the ground that plaintiffs' instant motion is frivolous.

### Discussion

I. Motion for Reargument

■ Motions for reargument will be granted only if the Court overlooked "matters or controlling decisions" which, if considered by the Court, would have mandated a different result. *See Litton Industries Inc. v. Lehman Brothers Kuhn Loeb, Inc.*, 1989 WL 162315, at 4, 1989 U.S.Dist. LEXIS 9145, at 9–10 (S.D.N.Y.1989); *Moll v. U.S. Life Title Insurance Co.*, 700 F.Supp. 1284, 1286 (S.D.N.Y.1988) (Leisure, J.); *Bozsi Limited Partnership v. Lynott*, 676 F.Supp. 505, 509 (S.D.N.Y.1987). "The standard for granting a motion for reargument is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court." *Ruiz v. Commissioner of Dept. of Transportation*, 687 F.Supp. 888, 890 (S.D.N.Y.1988).

■ In the case at bar, plaintiffs do not seek reargument of that part of the

---

1. The Court has since been informed by plaintiffs' counsel that defendants George Werk and Alice Werk have never been served with process in this matter.

2. The facts giving rise to this action are fully set forth in the May 29 Order. Familiarity with those facts will be assumed herein.

May 29 Order granting summary judgment dismissing plaintiffs' federal securities fraud claim.[3] Rather, plaintiffs argue that the Court erroneously described the state law claims in this action as "pendent." Implicit in this argument is the notion that this Court has jurisdiction over the state law claims on the basis of diversity of the citizenship of the parties. However, plaintiffs concede, as they must, that diversity of citizenship of the parties does not exist. This fact is obvious from the face of the amended complaint, including the caption of this action, in which plaintiffs are suing, *inter alia,* a limited partnership in which they are limited partners. *See Carden v. Arkoma Associates,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (citizenship of a limited partnership is determined by reference to the citizenship of its limited, as well as its general, partners). Because there clearly existed no basis for the Court's subject matter jurisdiction over the non-federal claims other than pendent jurisdiction, the Court's characterization—and dismissal—of those claims as "pendent" was correct. Accordingly, plaintiffs' motion for reargument is denied.

**3.** In granting summary judgment on the federal securities fraud claim, the Court found it unnecessary to consider the Moving Defendants' argument that that claim is barred by the statute of limitations. The parties had fully briefed the statute of limitations issue following the Second Circuit's decision in *Ceres Partners v. GEL Associates,* 918 F.2d 349 (2d Cir.1990), in which that Court held that such a claim must be asserted within one year of its discovery, but in no event more than three years after its accrual (the "one year/three year period"). Plaintiffs did not contest the Moving Defendants' argument that, under this rule, the federal securities fraud claim would be barred as untimely. Instead, plaintiffs merely argued that *Ceres* should not be given retroactive effect.

Before this Court issued its May 29 Order, the Second Circuit held that *Ceres* should not be applied retroactively. *Welch v. Cadre Capital,* 923 F.2d 989 (2d Cir.1991). On the basis of the Second Circuit's decision in *Welch,* the Moving Defendants withdrew the statute of limitations branch of their motion, except as to one plaintiff whose claim the Moving Defendants asserted was barred regardless of *Welch.*

The Supreme Court has subsequently followed *Ceres* in holding that securities fraud cases brought under § 10(b) and Rule 10b–5

## II. Dismissal of Comstock as a Defendant

■ Plaintiffs have also moved, pursuant to Fed.R.Civ.P. 21, to dismiss Comstock as a defendant in this action. The purpose of this motion is to eliminate the non-diverse party, and thus restore the Court's diversity jurisdiction over plaintiffs' state law claims.[4]

As a threshold matter, the Court notes that it is questionable whether Rule 21 is the proper procedural vehicle for plaintiffs' motion. The Second Circuit has held in a similar context:

> Rule 21 was adopted to obviate the harsh common law adherence to the technical rules of joinder, and not in order to deal with problems of defective federal jurisdiction. Here the plaintiff is not seeking to drop a party in order to cure defects of misjoinder or nonjoinder. The motion more properly is an amendment of the pleadings under Rule 15(a) which would result in the dismissal of the complaint against [the non-diverse defendant], or it may be based solely on the inherent powers of the court to perfect federal jurisdiction.

must be filed within the one year/three year period. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* — U.S. —, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). However, the Supreme Court also held that that rule must be applied retroactively. *James B. Beam Distilling Company v. Georgia,* — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991). The Supreme Court therefore vacated *Welch. Northwest Savings Bank, PaSA v. Welch,* — U.S. —, 111 S.Ct. 2882, 115 L.Ed.2d 1048 (1991); *see also Duke v. Touche Ross & Co.,* 1991 WL 137493, 1991 U.S.Dist. LEXIS 10106 (S.D.N.Y. July 25, 1991) (Keenan, J.) (dismissing securities fraud claim as time-barred under retroactive application of one year/three year rule). Accordingly, because plaintiffs' federal securities fraud claim was not filed within the one year/three year period, it must be dismissed on the separate ground of untimeliness.

**4.** Rule 21 reads as follows:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

*Kerr v. Compagnie de Ultramar,*250 F.2d 860, 864 (2d Cir.1958) (citations omitted); *see also Jaser v. New York Property Insurance Underwriting Association,* 815 F.2d 240 (2d Cir.1987); *Samaha v. Presbyterian Hospital in the City of New York,* 757 F.2d 529 (2d Cir.1985); *Yankee Bank for Finance & Savings, FSB v. Hanover Square Associates–One Limited Partnership,* 693 F.Supp. 1400, 1410 (N.D.N.Y.1988).[5] *But cf. Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) (Rule 21 may be used by federal appellate courts to dismiss a dispensable non-diverse party in order to preserve jurisdiction); *Curley v. Brignoli, Curley & Roberts Associates,* 915 F.2d 81 (2d Cir.1990) (same), *cert. denied,* —— U.S. ——, 111 S.Ct. 1430, 113 L.Ed.2d 484 (1991). Because the standard for granting the motion is the same whether Rule 21 or Rule 15(a) is relied upon, *see Kerr, supra,* 250 F.2d at 864; 7 Wright, Miller & Kane, *Federal Practice and Procedure* § 1685, at 458 (1986) ("it makes no difference whether Rule 15 or Rule 21 is used"), the Court will deem the motion to have been properly made under Rule 15(a).

In a case where leave to amend "is sought to eliminate a defendant in order to preserve diversity jurisdiction, 'unless it appears that a non-diverse defendant cannot be dropped from an action without prejudice to the remaining defendants, the [Rule 15(a) ] motion should be granted and a failure to do so is an abuse of discretion.'" *Samaha, supra,* 757 F.2d at 531 (brackets in *Samaha* ) (quoting *Kerr, supra,* 250 F.2d at 864). The Second Circuit has further explained that

> [t]he prejudice that matters is the same as that which determines whether a party is indispensable: "And the question always is or should be, when objection is taken to the jurisdiction of the court by

reason of the citizenship of some of the parties, whether, to a decree authorized by the case presented, they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights can be made, the jurisdiction of the court should be retained and the suit dismissed as to them."

*Samaha, supra,* 757 F.2d at 531 (quoting *Horn v. Lockhart,* 84 U.S. (17 Wall.) 570, 579, 21 L.Ed. 657 (1873)); *see also Jaser, supra,* 815 F.2d at 243–44.

Plaintiffs argue that none of the Moving Defendants will suffer prejudice should Comstock be dismissed from this action, and thus Comstock is not an indispensable party. In making this argument, plaintiffs note that "Comstock is no longer a functioning entity because all or substantially all of its assets were forfeited when Comstock defaulted under its mineral leases in 1986. Although Comstock has not been formally dissolved, it is for all intents and purposes defunct." Affidavit of Francis R. Jones, Esq., sworn to on June 21, 1991, ¶ 2. The Moving Defendants, in opposing the motion to drop Comstock, argue that the motion is untimely, and that Comstock is a "necessary" party because the amended complaint alleges wrongdoing by, and seeks damages from, Comstock.[6]

Neither of these arguments is persuasive. First, as to the issue of delay, the Moving Defendants have not argued that such delay, to the extent there was any, has caused any prejudice. Delay alone, without any indication of bad faith on the part of the movant, is insufficient to warrant denial of the motion. Moreover, there existed no need for plaintiffs to move to dismiss Comstock in order to preserve diversity as long as the federal securities fraud claim provided a jurisdictional hook on which their pendent state law claims could hang. Only upon the dismissal of the

---

**5.** Fed.R.Civ.P. 15(a) reads, in relevant part:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the

party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

**6.** The Court will interpret the Moving Defendants' use of the term "necessary" to mean "indispensable" in this context.

federal claim by the May 29 Order did it become necessary to seek to dismiss Comstock. Therefore, the instant motion is timely. *See Curley, supra,* 915 F.2d 81 (dismissing non-diverse defendant to restore jurisdiction after bench trial and entry of judgment).

Second, the Moving Defendants' conclusory assertion that Comstock is a "necessary" party, without any specific allegation of prejudice that might result from its dismissal from this action, is clearly insufficient. The mere fact that the amended complaint contains averments of wrongdoing by Comstock, and seeks damages therefrom, does nothing to render Comstock indispensable, for such is true of any defendant. Finally, the Moving Defendants' liability is alleged to be joint and several, which militates against a finding of indispensability. *See Newman–Green, supra,* 490 U.S. at 838, 109 S.Ct. at 2226 ("given that all the guarantors (including Bettison) are jointly and severally liable, it cannot be argued that Bettison was indispensable to the suit.").[7]

Accordingly, the Court will dismiss Comstock as a defendant in this action, with prejudice. *See Newman–Green, supra,* 490 U.S. at 838, 109 S.Ct. at 2226 (dismissal of non-diverse defendant with prejudice eliminates concern that the dismissed defendant may be prejudiced by the dismissal). The Court thus has subject matter jurisdiction, based on the diversity of the citizenship of the parties, over plaintiffs' state law claims.

III. Motion for Dismissal of State Law Fraud Claim and Imposition of Sanctions

The Moving Defendants have argued that the Court's findings of fact in its May 29 Order require the dismissal of plaintiffs' state law fraud claim. However, this argument is best raised in the context of a separate motion fully briefed by the parties, rather than in its present form as part of an argument in opposition to plaintiffs'

instant motion. Should the Moving Defendants seek to make such a motion, they shall so inform the Court and plaintiffs, and establish a briefing schedule with plaintiffs' consent. No pre-motion conference will be required.

The Moving Defendants' cross-motion for sanctions is denied.

*Conclusion*

For the reasons stated above, plaintiffs' motion for reargument of the Court's May 29 Order is denied. Plaintiffs' motion to dismiss Comstock as a defendant in this action is granted, with prejudice. Plaintiffs shall timely serve and file a second amended complaint consistent with the dismissal of Comstock from this action. The Moving Defendants' cross-motion for sanctions is denied.

SO ORDERED.

---

7. *Pappas v. Arfaras,* 712 F.Supp. 307 (E.D.N.Y.1989), cited by the Moving Defendants, is inapposite to the case at bar. In that case, the Court held that in an action by a limited partner against the limited partnership for vindication of his rights as a limited partner, all partners— general and limited—are indispensable. This says nothing about the indispensability of the limited partnership itself, especially where the limited partnership is effectively defunct. Moreover, the Second Circuit has recently dismissed a limited partnership defendant as dispensable in order to restore diversity jurisdiction. *See Curley, supra,* 915 F.2d 81.