**PHILIP MORRIS CAPITAL CORPORATION,**
Plaintiff,

v.

**CENTURY POWER CORPORATION, Tucson Electric Power Company, Catalyst Energy Corporation, and San Diego Gas & Electric Company,** Defendants.

No. 90 Civ. 8277 (RPP).

United States District Court,
S.D. New York.

April 6, 1992.

Cravath, Swaine & Moore by Alan J. Hruska, New York City, for plaintiff.

Skadden, Arps, Slate, Meagher & Flom by Barry H. Garfinkel, New York City, for defendant San Diego Gas & Elec. Co.

Shearman & Sterling by Henry Weisburg, New York City, for defendant Catalyst Energy Corp.

### OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This is an action for damages and injunctive relief alleging violations of the federal securities laws and various state law claims grounded in fraud and breach of contract. Plaintiff now moves for a modification of this Court's prior Opinion and Order dismissing the action. *Philip Morris Capital Corp. v. Century Power Corp.*, 778 F.Supp. 141 (S.D.N.Y.1991). For the reasons set forth below, the motion is granted, and the prior opinion is modified as follows.

### BACKGROUND

This action arises from a 1986 transaction involving the sale and leaseback of an electric generating plant and certain other

utility facilities. The facts underlying the transaction and the events leading to this lawsuit are set forth in detail in the Court's prior opinion. *Philip Morris*, 778 F.Supp. at 143–145.

Plaintiff Philip Morris Capital Corporation ("Philip Morris"), an investor in the transaction, seeks recovery from defendants Century Power Corporation ("Century"),[1] previously known as Alamito Company, Tucson Electric Power Company ("Tepco"), Catalyst Energy Corporation ("Catalyst"), and San Diego Gas & Electric Company ("San Diego"). In its Complaint, Plaintiff alleges the following claims:

(I)   against Century for breach of representation, warranty, and covenants;

(II)  against Tepco for breach of representation, warranty, and covenants;

(III) against Catalyst for breach of representation, warranty, and covenants;

(IV)  against Catalyst and Century for fraudulent conveyance;

(V)   against Century, Tepco, and Catalyst for violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10b–5 promulgated thereunder;

(VI)  against Century, Tepco, Catalyst, and San Diego for conspiracy to violate § 10(b) and Rule 10b–5;

(VII) against Century, Tepco, and Catalyst for common law fraud;

(VIII) against Century, Tepco, Catalyst, and San Diego for conspiracy to commit common law fraud; and

(IX)  against Century, Tepco, Catalyst, and San Diego for aiding and abetting violations of § 10(b) and Rule 10b–5.

The Court's prior Opinion granted Defendants' motion to dismiss the action on the grounds that (1) the federal securities claims were time-barred under the Supreme Court's decisions in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* — U.S. —, 111 S.Ct. 2773, 115 L.Ed.2d

321 (1991), and *James B. Beam Distilling Co. v. Georgia,* — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991),[2] and (2) the court lacked subject matter jurisdiction over the remaining state law claims because there was incomplete diversity of citizenship, and Catalyst, the non-diverse defendant, was an indispensable party to the action and could not be dismissed.

On November 8, 1991, Philip Morris moved pursuant to Rule 3(j) of the Local Civil Rules of this Court and Rule 59(e) of the Federal Rules of Civil Procedure for an order vacating the judgment entered October 30, 1991, and granting reargument of the Court's prior opinion. By Order dated January 30, 1992, the Court granted Plaintiff's motion, and reargument was heard on February 24, 1992.

Counsel for the Plaintiff argued that the Court erred in determining that Catalyst was an indispensable party to this action and urged reconsideration of that ruling in light of *Temple v. Synthes Corp.,* — U.S. —, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990) (per curiam). In the prior opinion, the Court weighed the factors set forth in Rule 19(b) of the Federal Rules of Civil Procedure as interpreted by *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), and found that Catalyst was an indispensable party without which the action could not continue "in equity and good conscience." *Philip Morris*, 778 F.Supp. at 146–148. Plaintiff argues that the Court erred in failing to first determine whether Catalyst was a necessary party under Rule 19(a) before proceeding to find that it was an indispensable party under Rule 19(b). Plaintiff argues that *Temple* requires that such procedure be followed.

## DISCUSSION

Rule 19 of the Federal Rules of Civil Procedure provides, in part:

---

1. A bankruptcy petition has been filed with respect to Century in the United States Bankruptcy Court for the District of Arizona. Because of the accompanying automatic stay of proceedings, this motion is not made with respect to Century.

2. Philip Morris has moved to reinstate those claims pursuant to § 27A of the Securities Exchange Act of 1934. That motion is now sub judice.

**Joinder of Persons Needed for Just Adjudication**

(a) **Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

\* \* \* \* \* \*

(b) **Determination by Court Whenever Joinder not Feasible.** If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person thus being regarded as indispensable.

In *Temple*, the plaintiff had undergone implantation surgery involving a device manufactured by Synthes. When the device's screws broke off in his back, he brought a diversity action in against Synthes, alleging defective design and manufacture. He filed a separate state court action against the doctor and the hospital involved in the surgery. Rather than attempt to implead the doctor and the hospital under Rule 14(a) of the Federal Rules of Civil Procedure, Synthes moved to dismiss the action pursuant to Rule 19 for failure to join necessary parties. The Supreme Court reversed the lower court's dismissal under Rule 19(b), noting:

Synthes does not deny that it, the doctor, and the hospital are potential joint tortfeasors. It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. \* \* \* The Advisory Committee Notes to Rule 19(a) explicitly state that "a tortfeasor with the usual 'joint and several' liability is merely a permissive party to an action against another with like liability."

\* \* \* \* \* \*

Here, no inquiry under Rule 19(b) is necessary because the threshold requirements of Rule 19(a) have not been satisfied. As potential joint tortfeasors with Synthes, [the doctor] and the hospital were merely permissive parties.

111 S.Ct. at 316.

Thus, *Temple* stands for the proposition that because a joint tortfeasor is not a necessary party under Rule 19(a) to an action against another party with like liability, a failure or inability to join that party does not trigger a Rule 19(b) inquiry into whether the action should be dismissed for failure to join a necessary party. *See also Samaha v. Presbyterian Hospital in New York*, 757 F.2d 529 (2d Cir.1985) (noting that "it is settled federal law that joint tortfeasors are not indispensable parties").

Having dismissed the federal securities claims (Claims V, VI, and IX), the only remaining claims in this action are: against Century for breach of representation, warranty, and covenants (Claim I); against Tepco for breach of representation, warranty, and covenants (Claim II); against Catalyst for breach of representation, warranty, and covenants (Claim III); against Catalyst and Century for fraudulent conveyance (Claim IV); against Century, Tepco, and Catalyst for common law fraud (Claim VII); and against Century, Tepco, Catalyst, and San Diego for conspiracy to commit common law fraud (Claim VIII). Plaintiff requests that it be permitted to dismiss Catalyst from the action, along with any claims to which it is a necessary party, and continue the action against the remaining defendants.

Catalyst is obviously a necessary party with respect to the Claim III, the breach of warranty claim asserted solely against it.

In Claim IV, the fraudulent conveyance claim against Catalyst and Century, Plaintiff requests "a mandatory injunction directing Catalyst to repay Century all amounts transferred by Alamito to Catalyst following the sale and leaseback." Complaint at p. 31. Catalyst is a necessary party to that claim.

With respect to Claims I and II, Plaintiff may continue to assert breach of contract claims against Century and Tepco despite the dismissal of its breach of contract claim against Catalyst. There is no requirement that a suit against one party for breach of one contract requires the presence of another party who may have breached a different contract. *See Marathon Int'l Petroleum Supply Co. v. I.T.I. Shipping, S.A.*, 740 F.Supp. 984, 987–88 (S.D.N.Y. 1990).

As for Claims VII and VIII, Plaintiff argues that because Catalyst, Century, Tepco, San Diego are joint and severally liable tortfeasors in its claims for common law fraud (Count VII) and for conspiracy to commit common law fraud (Claim VIII), Catalyst is not a necessary party. This is the holding of *Temple*. Defendant's suggestions to the contrary are predicated upon case law inconsistent with or overruled by *Temple*.

For example, defendants rely on *Colon v. Six Flags Corp.*, No. 87 Civ. 7100, 1988 WL 3491 (S.D.N.Y. Jan. 11, 1988), where the Court held that an individual who committed an intentional battery on the plaintiffs at Six Flags' amusement park was a necessary party to an action against Six Flags. The Court ruled that the intentional tortfeasor and Six Flags were "not merely joint tortfeasors" as it was "alleged that all of plaintiffs' injuries stem directly from the intentional acts" of the individual defendant. *Id.* at *1. Thus, the Court found that "if the [individual defendant was] found not to be directly liable for plaintiffs' injuries, it would be illogical and indeed, unjust, to find Six Flags indirectly liable." *Id.*

The facts here, however, are distinguishable from those in *Colon*. Catalyst, Tepco, Century, and San Diego are all joint and severally liable tortfeasors with like liability. This Court did place great emphasis in its prior opinion on Plaintiff's allegation that Catalyst was the party which expected "to receive the largest immediate benefit by far" from the allegedly fraudulent transaction. Complaint ¶ 32. Nevertheless, there has been no claim that Catalyst is directly liable for Plaintiff's injuries while the other Defendants are only indirectly liable. Furthermore, *Colon* predated *Temple*, and to the extent that it is inconsistent with *Temple*, it was implicitly overruled.

Defendants also rely on *Alpha Lyracom Space Communications, Inc. v. Communications Satellite Corp.*, 1990–2 Trade Cas. (CCH) ¶ 69,188, 1990 WL 135637 (S.D.N.Y.1990), *aff'd in part and rev'd in part*, 946 F.2d 168 (2d Cir.1991), for the proposition that joint tortfeasors may be necessary parties when other requirements of Rules 19(a) and (b) are satisfied. In *Alpha Lyracom*, the district court dismissed plaintiff's antitrust claim for failure to join a necessary party. On appeal, however, the Second Circuit affirmed the dismissal of the antitrust claim, but remanded the case to allow the plaintiff to attempt to proceed with respect to other claims for which no necessary party was missing. *Alpha Lyracom Space Communications, Inc. v. Communications Satellite Corp.*, 946 F.2d 168, 176 (2d Cir.1991). That is exactly what Philip Morris seeks to do here: dismiss the two claims for which Catalyst is a necessary party and continue with its remaining claims for which no necessary party is missing.

Defendants further contend that the Rule 19(a) inquiry "focuses upon the practical effects of joinder and non-joinder, and the determination is heavily influenced by the facts and circumstances of each case." *Forsberg v. Pacific Northwest Bell Telephone Co.*, No. 84–1401–FR (D.Or. filed July 18, 1986). *See also Samaha*, 757 F.2d at 531 (considering the "possibility of prejudice" in Rule 19 determination). Defendants argue that dismissal of Catalyst will prejudice the remaining defendants by forcing them to litigate this action in the ab-

sence of the party which Plaintiff alleges is the major wrongdoer. One or more of the remaining defendants may wish to avoid such prejudice, however, by impleading Catalyst under Rule 14(a) of the Federal Rules of Civil Procedure. The Court would have supplemental jurisdiction over claims asserted against Catalyst as a third-party defendant, despite its non-diversity, pursuant to 28 U.S.C. § 1367. *See Associated Dry Goods Corp. v. Towers Financial Corp.*, 920 F.2d 1121, 1125 (2d Cir.1990). Furthermore, in the prior opinion, the Court expressed concerns about possible prejudice to the minority shareholders of Century if this action were to continue in Catalyst's absence. *Philip Morris*, 778 F.Supp. at 147. The parties have since advised the Court that there are no longer any minority shareholders in Century. Therefore, the Court need no longer consider this issue.

Thus, this Court's determination that Catalyst was an indispensable party to this action was in error. The Court should have dismissed Catalyst and the claims to which it is a necessary party and permitted Plaintiff to proceed against the remaining defendants. Such a result is more consistent with the Second Circuit's admonition in *Jaser v. New York Property Ins. Underwriting Ass'n*, 815 F.2d 240, 242 (2d Cir. 1987):

> As an alternative to dismissal, a court should take a flexible approach when deciding what parties need to be present for a just resolution of the suit.  * * *  As a consequence, very few cases should be terminated due to the absence of non-diverse parties unless there has been a reasoned determination that their non-joinder makes just resolution of the action impossible.

## CONCLUSION

For the reasons set forth above, the Court's prior Opinion is modified to deny Defendant's motion to dismiss for lack of subject matter jurisdiction. Catalyst and Claims III and IV of the Complaint are dismissed to create complete diversity of citizenship.

IT IS SO ORDERED.