15-566-cv
Pearson v. Reid-Robinson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand sixteen.

PRESENT:  RALPH K. WINTER,
           REENA RAGGI,
           CHRISTOPHER F. DRONEY,
            *Circuit Judges.*

-----------------------------------------------------------------------

MARCIA PEARSON,
           *Plaintiff-Appellant*,

        v.                            No. 15-566-cv

SARAH REID-ROBINSON, ELIZABETH DOWNER,
           *Defendants-Appellees*.

-----------------------------------------------------------------------

FOR APPELLANT:           Marcia Pearson, *pro se*, Valley Cottage, New York.

FOR APPELLEES:           No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Chief Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 23, 2015, is AFFIRMED in part, VACATED in part, and REMANDED.

Plaintiff Marcia Pearson appeals pro se the district court's sua sponte dismissal of her complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), which decision we review de novo, see Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 79–80 (2d Cir. 2005). In doing so, we assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The district court correctly determined that Pearson failed to establish diversity jurisdiction because she is a citizen of New York and named a New York citizen, Elizabeth Downer, as a defendant. See 28 U.S.C. § 1332(a)(1); Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 325 (2d Cir. 2001) (holding that diversity statute mandates complete diversity). Nevertheless, in light of the solicitude accorded pro se litigants, courts "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted). We have specifically permitted plaintiffs to amend complaints "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." Jaser v. New York Prop. Ins. Underwriting Ass'n, 815 F.2d 240, 243 (2d Cir. 1987). Because Pearson could have invoked diversity jurisdiction in an action against only defendant Sarah Reid-Robinson, a

2

Georgia citizen, the district court needed to determine whether Downer was an indispensable party before dismissing Pearson's complaint without leave to amend. See Fed. R. Civ. P. 19(a)(1); Jaser v. New York Prop. Ins. Underwriting Ass'n, 815 F.2d at 243 (stating that failure to consider whether nondiverse party was indispensable amounted to abuse of discretion).[1]

We have considered Pearson's remaining arguments, including her assertion of federal question jurisdiction, and conclude that they are without merit. Accordingly, we AFFIRM the district court's judgment dismissing Pearson's complaint for lack of subject matter jurisdiction, but we VACATE the judgment insofar as it failed to afford Pearson leave to amend without a finding of futility, and we REMAND for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We are unable to determine on the present record whether (a) Downer is, in fact, an indispensable party, or (b) amendment of Pearson's complaint would be futile in light of her additional obligation to allege a "reasonable probability" that her claims are in excess of $75,000. See 28 U.S.C. § 1332(a); Colavito v. New York Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006) (internal quotation marks omitted).

3