Tell et al. v. Dartmouth College      CV-96-357-B    07/15/97

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**William K. Tell, et al.**

v.                                                    Civil No. 96-357-B

**Trustees of Dartmouth College**



**MEMORANDUM AND ORDER**


The Dartmouth College Alumni Association amended its constitution in 1990 to change the way in which the Alumni's representatives to the College's Board of Trustees are selected. William Tell and six other Alumni litigated and lost a state court action against the Alumni Association challenging the 1990 amendments. Having failed in that effort, the same plaintiffs then filed this class action against the Trustees in which they assert that the new selection procedures violate an 1891 contract between the College and the Alumni. Because I conclude that the Alumni Association is an indispensable party to this dispute under Fed. R. Civ. P. 19, I dismiss the complaint without prejudice.


**BACKGROUND**

**A.   The Trustee Selection Procedure**

Dartmouth College has sixteen Trustees: the President of the College, the Governor of New Hampshire, and fourteen other members, seven of whom are nominated by the Alumni. The Trustees

are a New Hampshire Corporation.  The Alumni are organized into two groups, the Alumni Association and the Dartmouth Alumni Council.  The Alumni Association is an unincorporated association of all living Alumni, which was formed in or around 1854.  The Association holds an annual meeting at which it elects its officers and nominates candidates for open Alumni Trustee positions.  The Dartmouth Alumni Council is a group of approximately 100 elected or appointed Alumni which conducts most Alumni business and acts as a representative body for the Alumni.  Prior to 1990, the Alumni Council chose Alumni Trustees directly, unless a group of Alumni nominated a petition candidate to oppose the Council's selection.  If a petition candidate was nominated, the Alumni Association would choose between the candidates by ballot.  This process was used to fill both a Trustee's initial term and any subsequent terms.

**B.  <u>The 1990 Amendments</u>**

The Trustees convened a committee of Trustees and Alumni in 1989 to recommend changes to the procedures for selecting Trustees.  Among the recommended changes was that the Trustees be empowered to reseat Alumni Trustees for an additional term without the Alumni's approval.  The Alumni Association later amended its constitution in September 1990 to adopt the

committee's recommendations.  Plaintiffs challenge the changes reflected in the 1990 Amendment by contending that the new selection procedures violate an 1891 contract between the College and the Alumni.

## C.  The 1891 "Contract"[1]

Dartmouth became embroiled in a dispute with the Alumni concerning the management of the College in the late 1880s.  The dispute was resolved in 1891 when a committee appointed by the Alumni Association persuaded the Trustees to accept the following proposal:

> This committee hereby submit to the board the plan in the following redraft of said resolutions, which upon the understanding hereinafter stated they will recommend for adoption by said Association.
>
> 1. *Resolved.*  That the Graduates of the College, the Thayer School and the Chandler School, of at least five years' standing, may nominate a suitable person for election to each of the five trusteeships next becoming vacant on the board of Trustees of the College (other than the Governor and President) and for his successors in such Trusteeship.

---

[1]  Because the plaintiffs' claims are based on the alleged 1891 contract, I describe the alleged contract by referring to the historical materials the plaintiffs submitted in opposition to the Trustees' motion to dismiss.  See, e.g., John King Lord, A History of Dartmouth College, (1913).

2. And *resolved.* That whenever any such vacancy shall occur in such trusteeship or the succession therein, the Trustees will take no action to fill the same until the expiration of three months after notice to the secretary of the Alumni of the occurrence of such vacancy, unless a nomination shall be sooner presented by the Alumni to said Trustees for that vacancy.

It is understood that the Trustees will provide for three vacancies on the board at once, and two more before the next Commencement, in June 1892, to be filled as above provided.

3. And *resolved.* That this plan of nomination shall be taken and held to supersede the plan heretofore adopted in 1876.

Lord, supra at 468. After gaining the Trustees' acceptance, the Association amended its constitution to accommodate the new selection procedures. These procedures remained in effect until the 1990 Amendments were approved.

Plaintiffs argue that the 1891 Trustee selection procedures constitute a binding contract between the College and the Alumni. They further claim that the Trustees breached the fiduciary duty and the duty of good faith and fair dealing that they owe the Alumni by improperly inducing the Alumni Association to adopt the 1990 changes without first disclosing the existence of the 1891

contract.[2]


## ANALYSIS

The Trustees invoke Rule 19 to support their motion to dismiss.  Dismissal for failure to join a party is required under the rule if four requirements are satisfied.  First, the missing entity must be "a person who is subject to service of process."  Second, the entity must be a "person to be joined if feasible."  Third, the court must determine that the entity "cannot be made a party."  Finally, the court must find based on the four non-exclusive factors listed in Rule 19(b) that the proceeding should not be continued in "equity and good conscience" without the entity.  See Pujol v. Shearson American Express, Inc., 877 F.2d 132, 134 (1st Cir. 1989) (discussing requirements two and four).[3]

---

[2] The plaintiffs also argue that the Trustees are required to take an oath to support the Board's decisions which also violates the Trustees' duty of good faith and fair dealing.  This claim has no bearing on the motion to dismiss.

[3] The party seeking dismissal, in this case the Trustees, has the burden of demonstrating "the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the [party's] absence."  Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier, 17 F.3d 1292, 1293 (10th Cir. 1994); see also Makh Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990) (moving party has burden of persuasion).  In addition to the well-pleaded allegations in the complaint, affidavits and other relevant extra-pleading evidence can be used to satisfy the Trustees' burden.  Id. (citing 5A Charles A.

The dispute in this case hinges on whether requirements two and four of Rule 19 have been satisfied.[4]  Accordingly, I focus my analysis on these two requirements.

A.  <u>Is the Alumni Association a Person to be Joined if Feasible?</u>

The Trustees argue that the Alumni Association is a person to be joined if feasible under Rule 19(a)(2)(i) because the Association "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the [Association's] absence may as a practical matter impair or

---

Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>, § 1359, at 427 (1990)).

[4]  Plaintiffs do not dispute the Trustees' claim that the Alumni Association qualifies as a person subject to service of process.  The Association is an unincorporated association.  Fed. R. Civ. P. 17(b) provides that the capacity of an unincorporated association to sue or be sued is decided by reference to the law of the state in which the district court sits and New Hampshire law permits unincorporated associations to sue or be sued.  N.H. Rev. Stat. Ann. § 510:13 (1997).

Plaintiffs also concede that the Association cannot be joined as a party.  A person cannot be joined under Rule 19(b) if its presence would destroy the court's subject matter jurisdiction.  7 Wright & Miller, <u>supra</u>, § 1610 at 145.  Plaintiffs invoke the court's diversity jurisdiction.  However, since the citizenship of an unincorporated association is determined for diversity of citizenship purposes based upon the citizenship of each member and it is undisputed that the Association has members in each of the 50 states, the Association cannot be joined as a party without depriving the court of its subject matter jurisdiction.  <u>See</u> <u>Jaser v. New York Property Ins. Underwriting Assoc.</u>, 815 F.2d 240, 242 (2d Cir. 1987).

impede the person's ability to protect that interest." According to the Trustees, the Association has a compelling interest in the litigation because it has been directly involved in the process of selecting Trustees since 1891 and the resolution of the plaintiffs' claims in its absence could adversely affect its future role in the Trustee selection process. The plaintiffs respond by contending that their lawsuit concerns only a dispute between the Alumni and the Trustees. The Association's interest, they claim, is at best derivative because its role in the trustee selection process is governed by a separate contract between the Alumni and the Association. I reject the plaintiffs' argument for two related reasons. First, without passing on the merits of the plaintiffs' claim, any contract that the Trustees may have entered into in 1891 to provide for the election of Alumni Trustees necessarily involved the Alumni Association. This conclusion is manifest in the historical materials the plaintiffs submitted with their opposition to the motion to dismiss. See, e.g., Lord, supra, at 466-69 (demonstrating that 1891 Trustee selection procedures were arrived at through a process of negotiation between the Trustees and a committee appointed by the Association). Accordingly, there is no merit to the plaintiffs'

claim that the Association was not a party to the 1891 "contract."

Second, as the plaintiffs concede, the Alumni Association made the 1990 changes possible by accepting the changes and amending its constitution. The plaintiffs' complaint directly attacks the Association's authority to approve these changes on behalf of the Alumni by seeking a declaration that "the September 15, 1990 action [of the Association] had no force and effect, or to the extent such action eliminated the Alumni's right to select a new trustee . . ., such action is null and void." Accordingly, a successful outcome for the plaintiffs would directly impede or impair the Association's ability to speak on behalf of the Alumni on this subject. The threat that the plaintiffs' lawsuit poses to this legitimate interest readily qualifies the Association as a person to be joined if feasible.

## B. Can the Lawsuit Proceed in Equity and Good Conscience Without the Alumni Association?

Once I have determined that an entity meets the requirements of Rule 19(a), I must determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed. R. Civ. P. 19(b). In deciding whether an entity is indispensable, I look to the following four non-

-8-

exclusive factors: "[F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; [and] fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. See Fed. R. Civ. P. 19 (b); see also Acton Co., Inc. of Mass. v. Bachman Foods, Inc., 668 F.2d 76, 80-81 (1st Cir. 1982). I address each factor in turn.

1. Prejudice

The prejudice inquiry under Rule 19(b) is similar to the analysis required by Rule 19(a)(2)(i). I have already determined that a judgment rendered in the Association's absence could be prejudicial since in essence the suit challenges the Association's ability to bind its members, and an adverse judgment would impair or impede the Association's relationship with the College. Moreover, the potential prejudice to the Association cannot be addressed by relying on the Trustees to represent the interests of the Association. This dispute ultimately involves the way in which Alumni Trustees are chosen

and the Alumni Association's role in their selection. The complaint charges that the Trustees have dominated and controlled the Association for a period of years, which ultimately resulted in the Association changing its method of Trustee selection in a manner which violates the 1891 Agreement. Given these allegations, plaintiffs are in no position to also credibly contend that the Trustees can adequately represent the interests of the Association. See Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 636 (1st Cir. 1989)(party to lawsuit could not adequately protect absent party's interest).

2. Shaping of Relief

A second non-exclusive factor under Rule 19(b) is the extent to which, by protective provisions in the judgment, by the shaping of relief or other measures, I can lessen or avoid prejudice. The relief sought in this case can not be shaped so that it only derivatively or indirectly affects the Association. Stripped of its gloss, this suit decides who has the rights to select Alumni Trustees. Any declaration about the rights of the Alumni-at-large with respect to either the 1891 Agreement or the 1990 changes will directly affect the Association's relationship with the College.

### 3. Adequacy of Judgment if Case Proceeds

Third, I consider whether a judgment rendered in the Alumni Association's absence will be adequate. In other words, I examine the impact of proceeding with the case. Here, a judgment rendered without the Association as a party will not be adequate since I lack jurisdiction over the Association to fully enforce a judgment favorable to the plaintiffs. Plaintiffs concede that the Association currently plays a part in the selection of the Alumni Trustees. Even if plaintiffs' version of the rights of the Alumni at large prevails, no adequate remedy can be achieved without the Association as a party.

### 4. Adequacy of Remedy if Case Dismissed

Finally, I consider whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Plaintiffs previously litigated and lost a state court lawsuit against the Alumni Association. Thus, they already had availed themselves of an alternative forum in which to litigate this dispute. The fact that they lost that case on the merits does not take away from the adequacy of state court as an alternative forum for litigating the dispute the plaintiffs attempt to raise here.

-11-

In summary, considering each of the factors listed in Rule 19(b), I conclude that the suit should be dismissed because the Alumni Association is an indispensable party.

## CONCLUSION

For the foregoing reasons, I grant defendants' motion to dismiss (document no. 5).[5]

SO ORDERED.

_____

Paul Barbadoro
United States District Judge

July 15, 1997

cc:  W. Wright Danenbarger, Esq.
     Sean M. Gorman, Esq.

---

[5]  Because I grant the Trustees' motion to dismiss for failure to join an indispensable party, I need not address the motion to dismiss for lack of subject matter jurisdiction.

-12-